In re Estate of George W. Grant, Deceased.

No. 821.   Decided November 6, 1899.

1.   Independent Executor—Death—Powers of Administrator.

Where a testator has provided for an independent administration of his estate, under Revised Statutes, article 1995, the probate court has no power, on the failure to accept or the death of the executor named by the will, to appoint an independent executor with power to settle the estate without control of the court, such as was conferred by the will. (Pp. 71-73.)

2.   Same—Will—Provision for Independent Administrator.

An express provision by will that on the death of the independent executor named the court should appoint an executor with the same powers, can not authorize such appointment; the court can act in such cases only under the general law. (P. 73.)

Questions certified by the Court of Civil Appeals for the First District, in an appeal from Walker County.

*Powell, Ball & Randolph* and *McKinney & Hill*, for appellants.—The construction of this article [Revised Statutes, article 1995] has been considered in several decisions of our courts. It may be conceded that, under these decisions, it is competent for the county court, having

jurisdiction of the estate of the decedent, to appoint an administrator de bonis non with the will annexed, where a vacancy occurs by reason of the death or resignation of an independent executor, or where such executor renounces the trust, there being a necessity for further administration of said estate, but our contention is that where there is a provision in the will for the appointment of a successor to an executor under an independent will, that such a vacancy as is provided for in article 1924 of our statutes does not occur.

In support of these views it is respectfully suggested that in none of the cases above referred to was this question presented to the court or passed on; that the statute under consideration does not in terms require the appointment of an executor by the testator. His power to make such appointment is implied from the necessity of having some one to conduct the administration of the estate, when the settlement of such estate is withdrawn from the county court.

It has been said "that all executorships are personal trusts in the sense that they are based on the confidence of the testator reposed in the person named." We maintain that an executorship under an independent will is more than this. That it is a method of administration distinct and different from an administration in the probate court, being in many cases less expensive, and possessing, at least in the judgment of a great number of people, advantages over the latter method. That the making of such wills is a choice of methods rather than of persons is established, we think, by the fact that many persons are appointed independent executors who would under the law be entitled to the administration of the estate if the decedent had died intestate.

We think that the records of our courts will show that persons in this State who make wills usually execute independent wills, and that the surviving wife, if there be one, is almost always appointed executrix of such wills.

The terms of this statute indicate, we think, that it was the intention of the Legislature to confer upon any person capable of making a will the absolute power to withdraw the settlement of his estate from the county court. It must be assumed that this provision is in accordance with public policy and that the power so conferred would be beneficial at least in certain cases. We are unable to perceive any good reason why, if it was proper to confer this power upon the testator at all, it should be so conferred subject to the condition that the executor should qualify and live until the trust was fully executed, and continue to execute the trust, or why such limitation should by construction be engrafted upon this statute.

We think that a more reasonable construction of this statute would be, that it may not only be implied from this provision that the testator may appoint an executor, but that he may also provide that in case of the death or resignation of the executor after qualification, or his failure to qualify, or in case of his abandonment of the trust either before or after qualification, that the court may appoint a substituted execu-

tor and may also provide that the powers vested in the original executor by the terms of the will may be exercised by his successor in said trust. Otherwise it is not, as a matter of fact, true that a testator has the legal capacity to withdraw the settlement of his estate effectively and permanently from the county court.

*J. R. Burnett,* for appellee.—Our statute authorizing an independent administration implies that the testator shall appoint an executor and contemplates the acceptance of the office, which is a personal trust, by the executor. Langley v. Harris, 23 Texas, 565. In this State an administrator with the will annexed derives his powers from the statute and not the will. Tippett v. Mize, 30 Texas, 362. And our statute, article 2012, Revised Statutes of 1895, provides that when an administrator of an estate not administered is appointed he shall succeed to all the rights, powers, and duties of his predecessor, "except such rights and powers conferred on the former executor by the will of the testator as are different from those conferred by this title on executors generally;" and the same exceptions are made in article 2014. Under this statute the county judge could not appoint an independent executor, for the statute not only does not authorize such appointment, but in effect prohibits it.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District have certified for our decision the following questions:

"George W. Grant died in Walker County in March, 1898, leaving a will by which he disposed of a considerable estate. By proper provision in his will, he withdrew the administration of his estate from the county court in accordance with article 1995 of the Revised Statutes. Item 8 of the will is as follows:

" 'Eighth. Having full faith and confidence in my personal friends, J. Baldwin, Benton Randolph, and A. T. Randolph, I have appointed them executors of this my last will and testament, and direct that they be not required to give bond for the discharge of their duties as such, but should my said executors fail to qualify as such executors, or one of them die after such qualification, then and in that event I desire that the survivor shall act alone with full exoneration from bond and security as such, and it is my express declared wish and intention that the independent character of this my last will and testament shall not fail or be lost because of the failure of one or both of my executors of this my last will and testament to qualify or die after qualification, but in this event I desire that the probate court of Walker County, Texas, appoint one or more executors with will annexed who shall give bond in a sum as to said court shall seem just and proper, but under any and all circumstances I desire its independent character to be maintained and carried out except as to bond. In the event the court has to appoint an executor, power and authority is hereby given and delegated to whom-

soever may be called upon to carry into execution the provisions of this will, to sell and convey any of the property of my estate should it be deemed advisable for the best interest of my estate or my legatees under this will, or for the payment of debts.'·

"The will was duly established and probated in the County Court of Walker County at the May term thereof, 1898, and of the executors named therein, J. Baldwin alone qualified. Letters testamentary were issued to him on May 26, 1898. He administered the estate as independent executor until his death in January, 1899.

"On February 6, 1899, persons interested in said estate made application to the County Court showing the necessity of further administration and praying for the appointment of an independent executor in the place of J. Baldwin, deceased, as provided by the item of said will above copied. The County Court heard the application March 9, 1899, and refused to appoint an independent executor, because it was the opinion of the court that, in consequence of the death of the executor of the will of said decedent, the independent character of the will could not be preserved and that the law was against the application, but appointed an administrator de bonis non with the will annexed, and directed that the estate be administered under the orders of the court. The administrator so appointed qualified March 11, 1899. S. Gibbs, one of the creditors of the estate who had joined in the application, appealed from the judgment of the County Court to the District Court of Walker County. The appeal was heard in the District Court at its March term, 1899, and on March 28th judgment was rendered by the court refusing the application for the appointment of an independent executor and rendering in effect the same judgment that had been rendered in the County Court. The applicant has appealed to this court.

"The following are the questions certified by this court to the Supreme Court for decision:

"1. Had the testator, George W. Grant, authority to delegate the power to another to nominate an executor of his will to succeed the executor named in the will, and to keep his estate under the administration of such successor free from the control of the County Court, as provided by article 1995 of the Revised Statutes?

"2. Should the county judge of Walker County have appointed an independent executor of the will of George W. Grant, deceased, and issued to him letters testamentary for the administration of said estate in accordance with said article 1995 of the Revised Statutes?"

The article of our Revised Statutes which empowers a testator to make provision for the administration of his estate free from the control of the county court reads as follows: "Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of the will, and the return of an inventory, appraisement, and lists of claims of his estate." Rev. Stats., art. 1995. A hasty glance at this article, standing by itself, tends to lead to the conclusion

that it was intended that any person capable of making a will should have the power to provide for an administrator of his estate independent of the court, without nominating in his will any person or persons to execute its provisions. Not only does it fail to provide that an executor shall be named to whom the trust is to be confided, but no reference to an executor is made either expressly or impliedly. The language, in effect, simply is that a person may so provide in his will that no other action shall be had in the county court in reference to the settlement of his estate than the probating of the will, etc. But we think an analysis of the statute of necessity leads to a different conclusion. When the testator has provided for an independent administration of his estate, there are but three things over which the court has at first any control or jurisdiction: (1) the probating the will, (2) the recording of the will, and (3) the return of the inventory, appraisement, and list of claims. At later stages in the administration the court may, in certain contingencies, require the executor to give bond (Revised Statutes, articles 1997, et seq.), and the court may also in certain cases make the necessary orders and take the necessary steps for dividing the estate among those entitled thereto. Rev. Stats., art. 2001. The court may also, at the instance of a creditor, require the heirs to give bond. Rev. Stats., art. 2002. All these latter sources of jurisdiction apply to exceptional cases. The general rule is that where a testator has provided for an independent administration of his estate, the court, under article 1995, has jurisdiction over the three matters only which are there specified. The appointment of an administrator with the will annexed is not one of these. Hence we are of opinion that if no executor be named, or if the person or persons named should die or refuse to act, the court is left without power to proceed under the provisions of the article last cited. The reason is that under that article the court has no authority to appoint an administrator. It must treat the provision for an independent administration as having failed for the want of an executor; and must proceed under the general law and resume entire control of the administration. Where an executor is nominated who is alive and willing to act when the will comes to be probated, he, immediately upon the probate, becomes invested with power to administer the estate and needs no recognition from the court. The appointment of an administrator is the act of the court, and without the court's action none can be appointed.

The other provisions of the statutes in relation to the administration of an estate out of court are in accord with this view. Article 1996 provides that a creditor may sue "the executor" for the collection of his debt. It does not say "executor or administrator." So in article 1997, it is the executor only who can be required to give bond. Article 2012 clearly shows that it is not contemplated that an administrator de bonis non with the will annexed should exercise the extraordinary power which may be conferred upon an executor under article 1995. Article 2012 reads as follows: "When an administrator of the estate not ad-

ministered has been or shall be hereafter appointed, he shall succeed to all the rights, powers, and duties of the former executor or administrator, except such rights and powers conferred on the former executor by the will of the testator as are different from those conferred by this title on executors generally." The right to administer an estate independent of the court is clearly one that is different from those conferred upon executors generally.

It seems to us that there exists a good reason why a distinction should be made between an executor and an administrator in such cases. Since a testator may be presumed to know his own affairs and to have the ability to select from among his friends persons whose capacity and integrity render them worthy of having bestowed upon them the important trust of administering and settling his estate free from the control of the county court, it is not unreasonable that the Legislature should confer upon persons capable of making wills the power to provide for such administration and to select one or more executors to execute the trust. On the other hand, no good reason is seen why a testator, who has made no such selection, should have the power to provide arbitrarily and contrary to the general policy of the law that his estate should be administered out of court without selecting some person deemed by him capable of so administering it.

In Langley v. Harris, 23 Texas, 564, the court say: "The section of the statute which gives the testator the right to insert such a provision in his will contemplates that the executor named will accept the trust confided to him. It is a special trust, which can not be transferred to another by the trustee, nor delegated to another by the county court. It confides in the discretion and integrity of a particular person; and if that person should fail to accept, and exercise the trust, it is at an end; and, as in any other case, where there is a will without an executor, the county court must appoint an administrator with the will annexed." The doctrine has been reaffirmed in the following cases: Tippett v. Mize, 30 Texas, 361; Blanton v. Mayes, 58 Texas, 422; Frisby v. Withers, 61 Texas, 134. See also Roy v. Whitaker, 92 Texas, 346.

It is apparent from the cases cited that in case of a will which nominates an executor and provides for an independent administration of the estate, ordinarily, the appointment of an administrator does not confer upon him the power to settle the estate free of the control of the court; and we think the case is not different where the testator expressly provides that in case of the failure of an executor the county court shall appoint an administrator with the same power. The testator can not make it the duty of the court to do what the law does not empower it to do. The court can only appoint an administrator for the settlement of the estate under the general law. It is an act in relation to the settlement of the estate which article 1995 does not authorize.

We answer both questions in the negative.