KENT v. McDANIEL et al. (No. 5505.)

(Court of Civil Appeals of Texas. Austin. June 9, 1915.)

1. COURTS ⚖=472—PROBATE—DEATH OF TRUSTEE—APPOINTMENT OF SUCCESSOR—JURISDICTION.

The testatrix by her will created a trust for the benefit of a minor, directing that the proceeds and increase should be used for the education of the minor until he should reach 21 years of age. The will expressly withdrew the trust estate from the control of the probate court, giving the trustee control over expenditures. The trustee died during the minority of the beneficiary. Held, that on the trustee's death control of the property did not pass to the probate court to be exercised by the appointment of a guardian, notwithstanding Const. art. 5, § 16, giving the probate court original jurisdiction in probate matters, including the appointment of guardians, and the district court, being a court of original jurisdiction, will appoint a trustee to carry out the trust.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. ⚖=472.]

2. TRUSTS ⚖=160—TRUSTEES—APPOINTMENT.

The appointment of a trustee in place of a deceased one rests in the discretion of the district court, and the appointment of a banker as trustee of a trust created for the benefit of an infant, instead of the guardian of the infant's person, who was his mother, is not erroneous; the duties of the trustee not conflicting with those of the guardian.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 204, 207, 208; Dec. Dig. ⚖=160.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Proceeding by W. E. McDaniel, as temporary administrator of J. B. McDaniel, deceased, against Mrs. Kate L. Kent and another, for the appointment of a trustee in the place of said J. B. McDaniel in which J. H. Weatherby was appointed as trustee. From the judgment, the named defendant appeals. Affirmed.

Clendenen & Simmons, of Ft. Worth, for appellant. T. H. Jackson and Morrow & Morrow, all of Hillsboro, for appellees.

## Nature and Result of the Case.

JENKINS, J. We adopt from appellant's brief the following statement of the nature and result of this case:

"This proceeding was instituted by W. E. McDaniel in the district court of Hill county, alleging that he was temporary administrator of the estate of J. B. McDaniel, deceased, and that at the time of his death J. B. McDaniel was in possession of trust funds amounting to about $11,000 belonging to Dudley M. Kent, Jr., a minor, alleged to reside in Tarrant county, Tex., and that Mrs. Kate L. Kent, residing in Tarrant county, Tex., was the guardian of said minor. Plaintiff's petition prayed for citation to Dudley M. Kent, Jr., the minor, and to Mrs. Kate L. Kent, and prayed for the appointment of a suitable person as trustee of the estate of said minor, and offering to account to such trustee for the said estate and to deliver the same to such trustee under the direction of the court. In obedience to said citation Mrs. Kate L. Kent appeared for herself and as next friend and guardian of the person of Dudley M. Kent, Jr., and pleaded a want of jurisdiction in the district court of Hill county to appoint a trustee for said minor, and alleging that the county court of the proper county alone had jurisdiction to appoint a guardian of the estate of said minor. The court, over the objection of appellants, appointed T. H. Jackson guardian ad litem for said minor, and upon the suggestion of the said

guardian ad litem, and over the protest of appellants, appointed J. H. Weatherby as trustee of the estate of said minor, and ordered and adjudged that the estate of said minor be delivered by W. E. McDaniel to the said Weatherby upon his execution of a bond payable to the district judge of Hill county in the sum of $22,000. Appellant, Kate Kent, for herself and as next friend for said minor, made a motion for a new trial, which was overruled, to which appellant excepted and gave notice of appeal to this court, and in due time filed her appeal bond and brought the case to this court for revision."

### Findings of Fact.

We adopt the following agreed facts, which were admitted by all parties in open court:

"(1) That J. B. McDaniel duly qualified as independent executor of the estate of Ceyota McLain, deceased, and fully administered said estate; (2) that the said J. B. McDaniel accepted the trust imposed upon him under·the will of Ceyota McLain; (3) that the said J. B. McDaniel, while acting as trustee for the said D. M. Kent, Jr., under the terms of the said will of the said Ceyota McLain, died on the 29th day of June, 1913, having in his possession at the date of his death $11,328.13, the property of said trust estate; (4) that the said J. B. McDaniel left a will, duly probated by the probate court of Hill county, Tex., in which W. E. McDaniel is named as executor of his estate, and that the said W. E. McDaniel duly qualified as such executor; (5) that the said W. E. McDaniel, as such executor, has taken possession of the estate of the said J. B. McDaniel, deceased, and has possession of the said $11,328.13 held by the said J. B. McDaniel, deceased, at the date of his death as trustee under the said will ·of the said Ceyota McLain; (6) that the defendant, Kate Kent, is the mother of Dudley M. Kent, a minor of the age of 9 years; that said defendant, Kate Kent, is a feme sole, having procured a divorce from her husband, D. M. Kent, Sr., in the district court of Tarrant county, Tex.; that under the decree granting said divorce, the said Kate Kent was awarded the custody of said minor, and that said minor resides with the said Kate Kent in the city of Ft. Worth, Tarrant county, Tex."

The appellant, Mrs. Kate L. Kent, is the only child of Mrs. Ceyota McLain, deceased, and is the mother of Dudley M. Kent, Jr., who is her only child and who ·is about 10 years of age. J. B. McDaniel brought a suit in the district court of Hill county to have the will of Mrs. McLain construed. We make the following excerpt from the judgment in that suit:

" * * * A jury having been waived, all matters of fact as well as of law were submitted to the court, and, the pleadings, evidence, and argument having been heard by the court, etc., * * * the court is of the opinion that the following instructions are proper, and the same are hereby given, to wit: 'The trustee will be ·governed by the following instructions of the will of Mrs. Ceyota McLain: He will expend from the trust fund and the increase thereof for the education of D. M. Kent, Jr., such ·amounts as in his judgment are reasonably necessary to defray the actual expenses of D. M. Kent, Jr., such expense to include and to include only tuition, board, school books, and other incidentals, proper clothing and reasonable medical attention. He shall pay such expenses as they accrue to the persons to whom they are due, taking from such persons proper vouchers and receipts, except the trustee may allow the said D. M. Kent, Jr., such a sum of money as in his, the trustee's, judgment will reasonably take care of minor incidental expenses not recurring in their nature.'"

No appeal was taken from said judgment.

### Opinion. ·

[1] The first issue raised by appellant's assignments of error is as to whether the district court had jurisdiction of the subject-matter of this suit. It is the contention of appellant that the personal property bequeathed to Dudley M. Kent, Jr., belongs to the estate of said minor, and, the trustee appointed by the will to control the same having died, the control thereof belongs to the probate court of the proper county, to be exercised by the appointment of a guardian, and that the district court has no original jurisdiction in such matter. In support of this contention appellant cites article 5, § 16, of the Constitution of Texas, which gives the county court original jurisdiction in probate matters, including the appointment of guardians for the estates of minors; and also article 4053, R. S., which prescribes the duties of county judges in matters of guardianship pending in their courts. Appellant also cites Prince v. Ladd (Sup.) 15 S. W. 159; In re Estate of Grant, 93 Tex. 68, 53 S. W. 372; Langley v. Harris, 23 Tex. 564; Blanton v. Mayes, 58 Tex. 422; and Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367.

On the other hand, it is the contention of appellee that, ·inasmuch as the will of Mrs. McLain creates a trust estate to be controlled by the trustee in the manner indicated in the will, by the terms of which said estate is expressly withdrawn from the control of the probate court, a guardian of the estate of the minor would have no right to the possession or control of such estate during the life of the trust, which is to continue until said minor is 21 years of age, and that, the district court being a court of general jurisdiction, it will not permit the trust to fail for the want of a trustee, but that it has the power and it is its duty to appoint a trustee in lieu of the deceased trustee. Such is our view. of the law.

· In McClelland v. McClelland, 46 Tex. Civ. App. 26, 101 S. W. 1171, it appears that Prather had been appointed executor of the estate of Peter McClelland, deceased, and also trustee to manage and control the estate for Peter McClelland, Jr. The executor completely administered the estate, but retained control thereof as trustee for Peter McClelland, Jr. Prather having died, the issue, in so far as it relates to the matter here involved, was as to the power of the district court to appoint his successor. We make the following excerpt from the conclusions of law in that case:

"As soon as Prather had discharged all the duties of executor as required of him by law and the will, * * * the county court lost entire jurisdiction over the property, and never thereafter reacquired such jurisdiction, and it became an estate in trust as completely and perfectly as if some other person had been nam-

ed as trustee and Prather, as executor, had turned over the property of the estate to such other person to administer the trust. Prather now being dead, the trust will not be permitted to lapse for want of a trustee, and * * * the district court has exclusive jurisdiction to appoint such trustee."

It is true in that case there was no effort to have a guardian appointed for Peter McClelland, Jr., he not belonging to any class of persons for whom the probate court had the right to appoint a guardian. He was neither a minor, an habitual drunkard, nor a non compos mentis. This can make no material difference between that case and the instant case. The point decided was that the probate court had no jurisdiction over a trust estate, and, if so, the decision would not have been otherwise had Peter McClelland, Jr., been a minor with a legally appointed guardian who was demanding the possession and control of the trust estate. The jurisdiction is determined by the nature of the estate, and not by the status of the beneficiary.

In Willis v. Alvey, 30 Tex. Civ. App. 96, 69 S. W. 1035, one of the heirs of the testatrix brought suit to set aside certain clauses of her will, upon the ground that the trustee named was incompetent to act as trustee. The court in effect held that if this was true it would afford no ground for setting aside the clauses of the will attacked, but that it would be the duty of the district court in such case to appoint another trustee. See, also Converse v. Davis, 90 Tex. 462, 39 S. W. 277, and Irvine v. Dunham, 111 U. S. 327, 4 Sup. Ct. 501, 28 L. Ed. 444. The legal title to the property was vested by the will in the trustee; the interest of Dudley M. Kent, Jr., beyond receiving an education from the proceeds or revenues thereof, is limited upon the contingency of his living to be 21 years of age. Until that time, it is made plain by the will that the original trustee, J. B. McDaniel, deceased, had the exclusive right of possession and control of the property, subject, under the general equity powers of the district court, to be removed for abuse of the trust. Upon his removal by death in this case the district court was authorized to appoint a new trustee, with all of the rights and powers of the original trustee. Trust estates "attach to the property and will be preserved by courts of equity until executed." Roy v. Whitaker, 92 Tex. 356, 48 S. W. 892, 49 S. W. 367.

We do not think that the cases cited by appellant are authority against the views which we have here expressed. The holding in Re Estate of Grant, supra, was that the appointment of an independent executor was a personal power to be exercised alone by the testator, and could not be delegated to the county court; that the statute did not confer such power on the county court. To the same effect is Longley v. Harris, Blanton v. Mays, and Roy v. Whitaker, supra. In Prince v. Ladd, supra, the appellant had been duly appointed guardian of certain heirs. The probate court also undertook to appoint him trustee for an estate belonging to the minors which had been received in trust for them by their deceased father. The appellant alleged that he held this estate as trustee and not as guardian, and therefore the probate court had no control over him. The substance of the decision was that the county court had no authority to appoint him trustee; that the property had come into his hands as guardian of the minors; that—

"there was nothing in the will through which the money came that authorized a trusteeship other than that furnished by a guardian, after the death of the father, who by the terms of the will was made trustee for his children."

The duties of the father as trustee for his children do not appear in the opinion. We gather from the decision that they were not shown to be other than to receive the property for his children from another estate; and, if so, it would have been the duty of the probate court to appoint a guardian to take charge of such funds during the lifetime of the father, after he had reduced them to possession.

[2] As to whom the district court should appoint trustee in place of the deceased trustee, that was a matter in the discretion of the trial court, and we cannot say from the evidence that the court abused such discretion in appointing J. H. Weatherby such trustee. Weatherby is a banker, and evidently the court thought him better qualified to administer the trust than was the mother of the minor. She was the guardian of the person of her son. Her mother left her a valuable life estate in lands in Hill county which, presumably, was sufficient to enable her to support herself and her son during his minority; his expenses for education being paid by the trustee. The duties of the trustee did not require him to interfere with the duties of Mrs. Kent as guardian of the person of her son.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.