HUTH v. HUTH et al. (No. 7266.)*

(Court of Civil Appeals of Texas. Galveston. May 5, 1916. Rehearing Denied June 1, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⚫⟹22(2) — TEMPORARY ADMINISTRATOR — WILL CONTEST.

Under Rev. St. art. 3301, providing for the appointment of a temporary administrator pending the contest of a will to continue in force until the termination of the contest and until the appointment of a permanent executor or administrator with full powers whenever such appointment is necessary to preserve the estate from waste, it is not only the right but the duty of the county judge to make such appointment when necessary.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 117–122; Dec. Dig. ⚫⟹22(2).]

2. EXECUTORS AND ADMINISTRATORS ⚫⟹122(2) — COMMUNITY PROPERTY — TEMPORARY ADMINISTRATOR—POWERS.

Under Rev. St. art. 3556, relating to the administration on the estate of a deceased husband or wife leaving common property, a temporary administrator appointed pending the contest of a will has the power, when so given by the court in his order of appointment, to take possession of all the common property of the estate and hold the same in trust for the benefit of those entitled until such contest is determined.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 495, 495½; Dec. Dig. ⚫⟹122(2).]

3. PARTITION ⚫⟹13—ESTATE OF DECEDENT—PERSONS ENTITLED.

Under Rev. St. arts. 3557, 3560, relating to partition of property held jointly by a decedent's estate and a third person, one who has a joint interest with the estate of a decedent in any property, real or personal, may apply to the county court in which administration is pending for the partition of the property belonging to the joint estate, and, when such application is made, it is the duty of the court to make a partition between the applicant and the estate of the deceased.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 36, 81; Dec. Dig. ⚫⟹13.]

4. INJUNCTION ⚫⟹28—PROBATE PROCEEDINGS —REVIEW.

Under Rev. St. art. 3631, providing that a person aggrieved by the decision, order, or judgment of the county court shall have the right to appeal therefrom, the remedy by appeal must be resorted to, and one aggrieved cannot restrain the enforcement of such decision of the county court.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 62–65; Dec. Dig. ⚫⟹28.]

5. EXECUTORS AND ADMINISTRATORS ⚫⟹30 — TEMPORARY ADMINISTRATOR.

Under Rev. St. art. 3362, allowing a testator to appoint an executor, and article 3291, providing for the appointment of administrators by the probate court under certain conditions, though an executor named in a will qualified by taking the oath required, he abandoned his office where he gave no bond, failed to take possession of any part of the estate, or to do any act showing his intention to act as such executor, but is contesting the will.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 183–185; Dec. Dig. ⚫⟹30.]

6. CONSTITUTIONAL LAW ⚫⟹306 — HUSBAND AND WIFE ⚫⟹276(1)—DUE PROCESS OF LAW —ADMINISTRATION OF ESTATES.

Appointment of a temporary administrator to take charge of all of the community property belonging to the plaintiff and the estate of his deceased wife, made under Rev. St. art. 3559, providing that an executor or administrator shall acquire possession of all common property of a community estate, is not violative of Const. Tex. Bill of Rights, §§ 9, 13, or Const. U. S. Amend. 14, as to due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 928, 936, 939, 942–946, 948, 949; Dec. Dig. ⚫⟹306; Husband and Wife, Cent. Dig. §§ 1032, 1036; Dec. Dig. ⚫⟹276(1).]

Appeal from District Court, De Witt County; W. F. Ezell, Special Judge.

Suit by John L. Huth for injunction against C. J. Huth and others. From the action of the court in denying the injunction in part and requiring plaintiff to give bond, plaintiff appeals, and, from the action of the court in granting temporary injunction in part, defendants appeal. Judgment refusing the injunction in part affirmed, and judgment granting the injunction in part reversed and rendered.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellants. Crain & Hartman, Davidson & Bailey, and H. W. Wallace, all of Cuero, for appellee.

LANE, J. For the purposes of this opinion the following statement is sufficient:

John L. Huth, plaintiff herein, and Mrs. Wilhelmine Huth, were husband and wife. Mrs. Huth died in April, 1912. At the time of her death there existed a community es-

---

tate between her and her said husband, John L. Huth, of the estimated value of $75,000. On May 29, 1912, John L. Huth and W. H. Huth, a son of plaintiff and Mrs. Huth, deceased, filed for probate in the county court of De Witt county an instrument purporting to be the last will and testament of said Mrs. Huth, in which they were named as joint executors. On the 3d day of July, 1912, said will so filed was duly probated as the last will of Mrs. Huth. Plaintiff, John L. Huth, never qualified as one of the executors, but W. H. Huth, the other party named as executor in the will, qualified by taking the oath as required by law on the 13th day of July, 1912. On the 12th day of July, 1912, the day before W. H. Huth qualified as said executor, three persons named as appraisers, joined by plaintiff, John L. Huth, prepared what purports to be an inventory and appraisement of the community property of John L. Huth and his deceased wife, Wilhelmine Huth. Said inventory and appraisement was made up, signed, and sworn to by said appraisers and plaintiff, John L. Huth. W. H. Huth, who took the oath as executor on the day after said inventory was made up, never signed or swore to said inventory, nor is there anything to show that he had anything to do with the making or filing of the same.

Among other provisions of said will admitted to probate is the following:

"I give and bequeath to my beloved husband, John L. Huth, all the property of which I shall die seised and possessed, both real and personal, as well as choses in action, of every kind and nature whatsoever and wheresoever situated, to have and to hold, to use and dispose of, absolutely as he may see fit.

"If after the death of my husband there remains any part of my estate, then I desire such remainder to be equally divided among my children, share and share alike.

"I constitute and appoint my son William Huth and my husband, John L. Huth, to be executors of this will and direct that no security be required of them as executors.

"It is my will that no other action shall be had in the court * * * in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims. And I authorize and empower my said executors, or the one who shall qualify as such, to sell and dispose of any portion of my estate, real or personal, at public or private sale, in the manner as may seem best to him or them, for the purpose of paying my debts and carrying out the intention of this my last will."

After the probate of said will, W. H. Huth never at any time took possession or control of any portion of said estate, but plaintiff, John L. Huth, took entire and complete possession and control of all the property of said estate and thereafter proceeded to control, manage, and dispose of the same absolutely and exclusively as he saw fit.

On the 4th day of January, 1916, appellees, including W. H. Huth, executor (except defendants Hagans), filed their petition in the county court of De Witt county contesting the probate of the said will of Mrs. Huth which was probated on the 3d day of July,

1912. They alleged in their petition: That there were no debts against said estate, and that, some years prior to the pretended execution of said instrument, the plaintiff conceived a violent and unreasonable dislike of and prejudice against them, his children, and determined that they, and none of them, should have or receive anything from his estate, or from the estate of their mother, the said Mrs. Wilhelmine Huth, deceased. That said Mrs. Wilhelmine Huth, deceased, at the time of the pretended execution of the said will was past 84 years of age and had been suffering for many years prior thereto from physical disease, bedridden a great part of the time, and constantly suffering physical pain. That plaintiff is a man of violent and unreasonable prejudices, moods, and notions, and because of his violent and unreasonable prejudices against them, as aforesaid, and in pursuance of his plan and determination to prevent them, or either of them, from receiving anything from the estate of their mother in the event of her death, which, on account of her bodily infirmity and great age, was naturally to be expected at any time, proceeded systematically and constantly to quarrel at, abuse, and threaten the said Mrs. Wilhelmine Huth that, unless she executed the document aforesaid, or some such instrument as would by its terms give and bequeath all of her property and estate unto the plaintiff alone, he would deny her simple desires and comforts; and so constantly worked on the said Mrs. Wilhelmine Huth, influenced her, threatened, and coerced her that finally, in order to secure temporary cessation from the terrible annoyance and cruel overbearing conduct of the plaintiff, she executed the said instrument, if it was ever executed in fact.

"That the said John Huth is now past 93 years of age, feeble in mind and body, and is physically and mentally incapable and incapacitated to handle, care for, and preserve said estate, to wit, the said community estate of himself and the said Mrs. Wilhelmine Huth, deceased, of which these petitioners are entitled to an undivided one-half by reason of being all of the children and heirs at law of the said Mrs. Wilhelmine Huth, deceased. That said estate consists largely of money, notes, securities, choses in action, and other personal property, requiring the constant attention of a man of good and capable mental and physical ability. That the said John Huth, by reason of his advanced years and mental and physical debility and senility, is easily a prey to designing persons, who endeavor to and succeed in inducing him to make and enter contracts disadvantageous to said estate, and into venturesome and unwise investments and enterprises. That said John Huth conceived a violent, unreasonable, and almost insane dislike of and prejudice against petitioners, who are his own children, and which prejudice and animosity is wholly unjustified, and he had repeatedly threatened to give away and dispose of during his lifetime all of the said property belonging to said community estate and to the estate of the said Mrs. Wilhelmine Huth, all of which is now in his hands, and petitioners have good reason to believe, and do believe, that, unless their rights are preserved by the immediate appointment of a temporary administrator, he will give away, lose, dissipate, and squander a

large part, if not all, of the said community estate and the estate of the said Mrs. Wilhelmine Huth, deceased. That by reason of such facts as hereinbefore stated, a necessity exists for the immediate appointment by this court of a temporary administrator of all the said community estate of the said Mrs. Wilhelmine Huth, deceased, and the said John Huth, under and by virtue of articles 3301 and 3559 of the Revised Statutes of Texas, as well as other laws in such cases made and provided, with full power to take and hold the same subject to the provisions of law in such cases and under the orders of this court, to preserve, control, and manage the same, to pay the necessary taxes, fire insurance, and other fixed charges for the preservation of the said property, to collect the rents, notes, interest, and other claims owing to said estate, to rent the real estate, and in general to preserve, husband, and properly care for all of said community estate, and that such appointment continue in force until the termination of this contest of the said pretended will of the said Mrs. Wilhelmine Huth, deceased.

"Wherefore, petitioners pray that citation issue to the said John L. Huth in the terms of the law, and that the order of the court, made on July 3, 1912, admitting the said pretended will of Mrs. Wilhelmine Huth, deceased, to probate, be vacated, canceled, and forever held for naught, and that said pretended will of Mrs. Wilhelmine Huth, deceased, be by this court denied admission to probate and of record, and same be adjudged and decreed null and void and of no force and effect whatsoever, and for such other relief, both special and general, as these petitioners may show themselves entitled to upon a trial of this cause; and they further pray that the court immediately make and enter its order in this case appointing some proper and qualified person as temporary administrator of all of said community estate of said Mrs. Wilhelmine Huth, deceased, and said John L. Huth, under said bond as to the court may seem proper, with powers as hereinbefore stated, and such additional powers and duties as to the court may seem proper."

On the 8th day of January, 1916, the judge of the county court granted the prayer of appellees and entered an order duly appointing E. Hagans temporary administrator of the estate of Mrs. Huth, with power to take into his possession the entire community estate of John L. Huth and his said deceased wife, pending said contest of said will. Thereafter, on the said 8th day of January, 1916, said Hagans duly and legally qualified as such temporary administrator in manner and form as required by law and undertook to perform the duties incumbent upon him as such temporary administrator.

It is also shown that on the 14th day of January, 1916, appellees (except Hagans) filed and offered for probate in said county court a certain instrument alleged to have been executed by Mrs. Wilhelmine Huth, on the 28th day of November, 1910, as her last will, and that citation was duly issued upon such application for such probate as required by law, returnable to the next term of said court.

On the 4th day of February, while said will contests and temporary administration were still pending, plaintiff, John L. Huth, presented his petition to the Honorable John M. Green, judge of the district court of De Witt county, praying for a writ of injunction against all of the appellees, to wit, the children of Mrs. Huth, deceased, and said temporary administrator, E. Hagans, to restrain them (1) from longer asserting any claim or demand whatever against plaintiff, John L. Huth, based upon said order of said county court of De Witt county in said contest proceedings, and (2) to restrain said E. Hagans from acting as temporary administrator of said estate and from asserting any authority as such, or from asserting any right whatever to any possession, control, or authority over said property constituting the community estate of plaintiff and his said deceased wife. Judge Green refused to act upon plaintiff's petition for good reason shown, and the same was then presented to W. F. Ezell, judge of the Seventy-Third district court of San Antonio, Tex. On the 9th day of February, 1916, while said contest and temporary administration was still pending, Judge Ezell heard said petition and entered an order restraining E. Hagans from exercising any possession, control, or authority over the interest of plaintiff John L. Huth in the community property of plaintiff and his deceased wife, Wilhelmine Huth, and from dispossessing the said John Huth of such property upon the giving of a bond by plaintiff as required by law in the sum of $2,000. But the injunction prayed for was refused in so far as it was sought to restrain said temporary administrator, E. Hagans, from asserting authority and right to the possession, control, and management of the interest in said community property owned by the said Wilhelmine Huth, deceased. From the action of the court in denying said injunction in part and in requiring plaintiff to give bond, the said John L. Huth has appealed; and, from the action of the court in granting said temporary injunction in part as against appellees, they have appealed.

Appellant John L. Huth presents his complaint by 17 main, and 9 subsidiary, propositions. To discuss these numerous propositions separately and in detail would necessitate an opinion of unreasonable length. We shall therefore condense said propositions by giving their substance and decide the matters presented in a general discussion.

Appellant contends: First, that as he was in peaceable possession of the property in question, of the estimated value of $80,000, one-half undivided interest of which belonged to him as the reward of his own thrift, and the other one-half undivided interest of which being the subject-matter of a devise from his wife, under the terms of a duly probated will, he cannot be deprived of the possession of such property, of such value, by an order or decree of the probate court of De Witt county, because the amount in controversy is beyond the jurisdiction of said court; that the probate court cannot dispossess him of such property under probate proceedings, such as a contest, or proceedings to set aside the probate of his wife's will, and as ancillary thereto the appointment of a temporary

administrator; and that the attempt so to do by said probate court is void, and an absolute nullity for any purpose, and therefore the exercise of the powers attempted to be conferred by the orders and decrees of said court in appointing E. Hagans temporary administrator of the estate of his deceased wife, with powers to take from appellant the possession, control, and management of all or any portion of said property, should have been enjoined by the district court as prayed for. Second. That as W. H. Huth, and appellant, John L. Huth, are named in the will of Mrs. Huth, which had been probated on the 3d day of July, 1912, as independent executors, and as W. H. Huth, one of the parties so named, had qualified by taking the oath as such executor, an administration of the estate of Mrs. Huth was pending, and the property belonging to said estate was, as a matter of law, in the possession of a permanent independent administrator, and as, at the time the judge of the probate court of De Witt county appointed E. Hagans temporary administrator in said contest proceedings, such permanent administration was pending, such appointment was a nullity and void, and conferred no power upon said Hagans to take or attempt to take possession of said property, and therefore the district court should have granted the injunction prayed for in full.

The appellees' contention is that the judge of the probate court of De Witt county had the power to appoint E. Hagans temporary administrator with power to take possession, control, and management of the undivided community estate of John L. Huth and his deceased wife, pending said contest of the will of said wife, that the same might be preserved pending said contest under the provisions of article 3301 of our Civil Statutes; that he did so appoint said Hagans; that said Hagans duly qualified as such temporary administrator; that such temporary administration was, at the time the injunction prayed for in this case was asked for, and partly granted, pending, and is still pending in said probate court, and therefore W. E. Ezell, judge of the district court of the Seventy-Third judicial district, had no authority to grant any part of the injunction prayed for; and that he erred in so doing.

That a discussion of the questions above presented may be better understood, we here quote the following articles of our Civil Statutes.

Chapter 26, arts. 3527 to 3555, makes provision for the partition and distribution of estates of deceased persons by the probate court.

Articles 3556, 3557, 3559, 3560, 3301, and 3631 provide as follows:

"Art. 3556. When any husband or wife shall die leaving any common property, the survivor may: At any time after letters testamentary or of administration have been granted, and an inventory, appraisement and list of the claims of the estate have been returned, make application in writing to the court which granted such letters for a partition of such common property, which application shall be acted upon at some regular term of the court.

"Art. 3557. If, upon the hearing of such application, there appear to be any such common property, and such surviving husband or wife shall execute and deliver to the county judge an obligation with two or more good and sufficient sureties, payable to and approved by the said county judge, for an amount equal to the value of his or her interest in such common property, conditioned for the payment of one-half of all debts existing against such common property, then the county judge shall proceed to make a partition of said common property into two equal moieties, one to be delivered to the survivor and the other to the executor or administrator of the deceased; and all of the provisions of this chapter respecting the partition and distribution of estates shall apply to any partition made under the provisions of this article, so far as the same may be applicable."

"Art. 3559. Until any such partition of common property is applied for and made as herein provided, the executor or administrator of the deceased shall have the right, and it shall be his duty, to recover possession of all such common property and hold the same in trust for the benefit of the creditors and others entitled thereto under the provisions of this title.

"Art. 3560. Any person having a joint interest with the estate of a decedent in any property, real or personal, may make application to the county court from which letters testamentary or of administration have been granted on said estate, to have a partition thereof; whereupon the court shall proceed to make a partition of said property between the applicant and the estate of the deceased; and all the rules and regulations contained herein in relation to the partition and distribution of estates shall govern partitions under this article so far as the same are applicable."

"Art. 3301. Pending any contest relative to the probate of a will, or the granting of letters of administration, whether such contest be in the county court or in the district court, it shall be the duty of the county judge, should he deem it necessary, to appoint a temporary administrator in the manner prescribed in the preceding articles in this chapter, with such limited powers as the circumstances of the case may require; and such appointment may continue in force until the termination of the contest and the appointment of an executor or administrator with full powers."

"Art. 3631. Any person who may consider himself aggrieved by any decision, order, decree or judgment, of the county court shall have the right to appeal therefrom to the district court of the county, upon complying with the provisions of this chapter." This article is embraced in chapter 22, Revised Statutes relating to probate matters.

From the articles of the statutes above quoted, we conclude:

[1] First. That at any time, pending the contest of a will, whether such contest be pending in the district court on appeal, or in the county court, it is not only the right, but the duty, of the county judge to appoint a temporary administrator with such powers as the circumstances of the case may require, whenever he deems such appointment necessary to preserve such estate from waste, and to continue in force such temporary administration until the termination of such contest, and until the appointment of a permanent executor or administrator with full powers is made. Revised Statutes, art. 3301.

[2] Second. That such temporary adminis-

trator has the power, when so given by the court in the order of appointment, to take or recover possession of all the common property of the estate, and to hold the same in trust for the benefit of those entitled thereto, until such contest is determined. Revised Statutes, art. 3556.

[3] Third. That if any person has a joint interest with said estate of a decedent in any property, real or personal, he may make application to the county court in which the administration of such estate is pending, to have a partition of the property belonging to said joint estate, and, when such application is made, it is the duty of the court to proceed to make a partition of said property between the applicant and the estate of the deceased. Revised Statutes, arts. 3557, 3560.

[4] Fourth. That if any person may consider himself aggrieved by any decision, order, decree, or judgment of the county court, he has the right to appeal from such decision, order, decree, or judgment to the district court of the county in which such administration is pending, and that he must resort to the remedy thus given for relief, and that he is not entitled to an injunction to restrain the enforcement of such decision, order, decree, or judgment of the county court.

[5] We think from what has already been said it is evident that we think the trial court erred in granting an injunction in any manner restraining said temporary administrator from exercising the powers conferred upon him by the order of the probate court.

But the appellant contends that, at the time E. Hagans was appointed temporary administrator, the estate in question was in the hands of a permanent administrator, or of appellant as devisee under the will of Mrs. Huth, and therefore no necessity existed for the appointment of a temporary administrator, and that for this reason the order making such appointment was a nullity, and, being a nullity, a court of equity had the right to enjoin such appointee from interfering with his possession, control, and management of said estate.

We think we may state the following to be undisputed facts: The will probated on July 3, 1912, purporting to be the last will of Mrs. Huth, named John L. Huth, her husband, plaintiff herein, and W. H. Huth, her son, as independent executors without bond; that plaintiff, John L. Huth, never qualified as executor under said will; that W. H. Huth took the oath required by law of executors, and only to this extent qualified as executor under said will; that W. H. Huth never at any time took possession, control, or management of any portion of the property belonging to said community estate, or in any wise exercised, or attempted to exercise control or management of the same; that John L. Huth, a man of 90 years of age, took exclusive possession, control, and management of the entire property belonging to said community

estate of himself and his deceased wife, in July, 1912, under the claim that he owned a one-half undivided interest thereof as the reward of his own thrift, and that he owned the other one-half thereof under the will now being contested in the probate court of De Witt county; that said John L. Huth has, since the death of his wife, disposed of a large portion of said common property, and that he was, at the time said temporary administrator was appointed, threatening to dispose of the remainder thereof; that W. H. Huth, nor any other person, was under bond as executor or administrator to said estate or any part thereof; that said W. H. Huth had at all times failed to take possession of any part of said estate after his qualification as executor under said will, or to do any other act showing an intention to act as such executor, but, on the contrary, he joined the other children of Mrs. Huth in contesting the instrument probated as her will, under which he is said to have qualified as such executor, and thereby abandoned his executorship.

From the facts above recited, we think it clear that there was no qualified executor or administrator of the estate of Mrs. Huth, deceased, and that no one was administering said estate, at the time the probate court of De Witt county resumed jurisdiction over the same and appointed E. Hagans temporary administrator. We think it equally clear from such facts, and from the law hereinbefore cited, that the order of said probate court appointing E. Hagans temporary administrator with power to take charge of, hold, and manage said estate until the pending contest of the will of Mrs. Huth is terminated, and until a permanent administrator, if necessary thereafter, is appointed and qualified, was lawfully made and entered, and that such order is not a nullity or void, as contended by appellant. Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367; Langley v. Harris, 23 Tex. 569; Prather v. McClelland, 76 Tex. 584, 13 S. W. 543; In re Estate of George W. Grant, 93 Tex. 68, 53 S. W. 372.

In the case first cited, our Supreme Court held that the object of article 3362, Revised Statutes, was to enable a testator to commit the management of his estate to such person or persons as he might name, but not to so far withdraw the estate from the jurisdiction of the court that the settlement of it could not be resumed in case the trust should lapse by the failure of the executor to discharge his duties; that, if the person named as independent executor in the will fails to accept or to exercise the trust, it is at an end, and the court must appoint an administrator to administer the estate under the control of the court; that if the estate should cease to be represented by the abandonment of the trust by the executor named in the will, it would fall within the provisions of article 3291, Revised Statutes, which provides for the appointment of administrators

of estates by the probate court under certain conditions.

In the case of Estate of George Grant, supra, in speaking of the duties of the probate court when an independent executor, named in a will, abandons his trust, it is said:

"It must treat the provision for an independent administration as having failed for the want of an executor, and must proceed under the general law and resume entire control of the administration."

In the case of Langley v. Harris, supra, it is held that, when the executor named in the will fails to accept and exercise the trust, it is at an end; and the county court must appoint an administrator with the will annexed.

We do not think that in the face of the authorities cited, and the facts of the case, it can longer be seriously contended that the county court of De Witt county did not have the authority to appoint a temporary administrator to take charge of the property belonging to the estate of Mrs. Huth, deceased, pending the contest of her will.

[6] Appellant, however, makes the further contention that if it be conceded that the county court of De Witt county had the lawful authority to appoint a temporary administrator of the estate of his deceased wife, with power to take possession of the property belonging to said estate, still said court had no lawful authority to empower said temporary administrator to take possession of appellant's one-half undivided interest of the community property belonging to himself and the estate of his deceased wife; that the order of said court intending to confer such powers is void, because such appointment is an attempt to unlawfully seize and deprive appellant of his property without due process of law, in violation of sections 9 and 13 of the Bill of Rights of the Constitution of the state of Texas, and the Fourteenth Amendment to the Constitution of the United States.

We do not think this contention tenable. The whole of the property in question was the common property of appellant and the estate of his deceased wife, a one-half undivided interest of which was owned by appellant and the other one-half of which belonged to the estate of his deceased wife. Such property consisted of real and personal property, money, notes, choses in action, etc., and is incapable of an equitable partition and division between appellant and the estate of his deceased wife, without the intervention of a court of competent jurisdiction. It is provided by article 3539, Revised Statutes, that, until a partition of common property is applied for and made as therein provided, the executor or administrator of the deceased shall have the right, and it shall be his duty, to recover possession of all such common property and hold the same in trust for the benefit of the creditors and others entitled thereto under the provisions of said

article. We think that, in view of what has been said, there can be no serious doubt that the county court had the authority to appoint and empower the temporary administrator to take possession of the whole of said common property and to hold the same until a partition is had, as provided for by article 3560, Revised Statutes, hereinbefore set out, or until said will contest is terminated and a permanent administrator is appointed and qualified. Therefore it follows that the order appointing said temporary administrator with such powers was not void, nor was there any attempt to deprive appellant of his property without due process of law, as contended by him.

What has been said disposes of all the contentions made by both parties to this appeal.

Our conclusion is that the trial court should have wholly refused the injunction prayed for by appellant. Therefore so much of the judgment of the trial court as refused the injunction in part is affirmed, and so much of said judgment as enjoins and restrains E. Hagans, as temporary administrator as the estate of Wilhelmine Huth, deceased, from asserting authority or right as such temporary administrator, to the possession, control, and management of the whole of said community property, is here reversed, and it is here ordered that said prayer of appellant for said injunction be wholly refused.

Affirmed in part. Reversed and rendered in part.