**James C. BOONE, Jr.,
et al., Appellants,**

**v.**

**Murray LeGALLEY, et al., Appellees.**

**No. 10–99–229–CV.**

Court of Appeals of Texas,
Waco.

Sept. 20, 2000.

James C. Boone, Jr., Palestine, pro se.

David Hammit, Normangee, Joe B. Cannon, Groesbeek, for appellees.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Murray LeGalley filed application with the County Court of Leon County to probate the will of John Kinard Durant. James C. Boone, Jr. and Gilbert N. Few (hereinafter, "Appellants") filed a contest to LeGalley's application. After a brief hearing, the court admitted the will to probate. Because the independent executor and alternate independent executor named in the will filed affidavits declaring their unwillingness to serve, the court appointed Ida Few as independent executrix of the estate. Appellants claim in their first three points that the court erred in admitting Durant's will to probate because: (1) LeGalley failed to offer any evidence in support of the probate of the will; (2) LeGalley is not eligible to apply for probate of Durant's will because he is not an "interested person" as defined by section 76 of the Probate Code; and (3) Durant did not reside in Leon County at the time of his death. They contend in their fourth point that Ida Few is not qualified to serve as independent executrix of Durant's estate.

LeGalley filed his application for probate of Durant's will on June 14, 1999. He attached a copy of the will to his application, explaining that the original was in the possession of Carson Campbell, the person Durant designated as independent executor in his will. LeGalley generally alleges that he is interested in Durant's estate without specifying the nature of his interest in the Estate. Appellants filed their contest on June 23. They allege in their contest that LeGalley lacks standing to apply for the probate of Durant's will because he has no interest in Durant's estate. They also allege that there is no necessity for an administration of the estate. The original will was filed two days later.

The court heard the matter on June 25. Without hearing evidence, the court announced that it was admitting the will to probate and would appoint an executor at a later date. The court signed an order to this effect on June 28, setting the hearing for appointment of an executor for June 30.

The persons whom Durant designated as independent executor and alternate independent executor both filed affidavits declaring their unwillingness to serve as independent executor. The court named one of Durant's devisees Ida Few to serve as independent executrix of the estate.

Appellants challenge LeGalley's standing to apply for the probate of Durant's will in their second point. When a will contestant challenges the applicant's standing to probate the will, the trial court must hold a separate hearing on that issue *in limine* before proceeding to the merits of the will contest. *Womble v. Atkins*, 160 Tex. 363, 369, 331 S.W.2d 294, 297–98 (1960); *A & W Indus., Inc. v. Day*, 977 S.W.2d 738, 741 (Tex.App.—Fort Worth 1998, no pet.); *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1994, writ denied). In the present case, the court did not hold an *in limine* hearing to hear evidence of LeGalley's standing to probate Durant's will. By failing to do so, the court erred. *See Womble*, 160 Tex. at 369, 331 S.W.2d at 297–98; *A & W Indus.*, 977 S.W.2d at 742; *Cunningham*, 879 S.W.2d at 212.

The court's refusal to take evidence on the matter of LeGalley's standing has pre-

vented Appellants from presenting to this Court a sufficient record by which we can properly ascertain the extent of LeGalley's potential interest in Durant's estate. *See* TEX.R.APP. P. 44.1(a)(2); *Hogan v. Credit Motors, Inc.*, 827 S.W.2d 392, 396 (Tex. App.—San Antonio), *writ denied per curiam*, 841 S.W.2d 360 (Tex.1992). Accordingly, we sustain Appellants' second point.

Although we have determined that this error requires reversal, we write further to address Appellants' fourth point which presents an issue likely to arise upon the retrial of this cause.[1] *See Indemnity Ins. Co. of N. Am. v. Williams*, 129 Tex. 51, 53, 99 S.W.2d 905, 906 (1937); *State Farm Fire & Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731, 738 (Tex.App.—Waco 1998, no pet.); *Cornell & Co. v. Pace*, 703 S.W.2d 398, 404 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

■ Appellants' fourth point questions the court's appointment of devisee Ida Few as independent executrix under the provisions of section 145 of the Probate Code. Section 145(d) provides that, if the independent executor designated in the will is unwilling to serve, then the probate court may nevertheless appoint an independent executor if "all of the distributees of the decedent" agree that an independent administration is advisable and "collectively designate ... a qualified person, firm, or corporation to serve as independent administrator." TEX. PROB.CODE ANN. § 145(d) (Vernon 1980).

■ Otherwise however, if the independent executor designated by the will is unwilling to serve, the probate court is powerless to appoint an independent executor. *In re Grant's Estate*, 93 Tex. 68, 72, 53 S.W. 372, 373 (1899); *Loewenstein v. Watts*, 119 S.W.2d 176, 184 (Tex.Civ. App.—El Paso 1938) (op. on reh'g), *aff'd*,

134 Tex. 660, 137 S.W.2d 2 (1940); *accord* 17 M.K. WOODWARD ET AL., TEXAS PRACTICE: PROBATE AND DECEDENTS' ESTATES § 493 (1971), § 522 (Supp.2000). Rather, the court "may appoint an administrator only under the general law." *Loewenstein*, 119 S.W.2d at 184; *accord Grant's Estate*, 93 Tex. at 72, 53 S.W. at 373–74.[2]

The persons Durant designated in his will as independent executor and alternate independent executor both filed affidavits declaring their unwillingness to serve. The record contains no evidence that the devisees named in Durant's will "collectively designate[d]" Ida Few to be the independent executrix of Durant's estate. *See* TEX. PROB.CODE ANN. § 145(d). Accordingly, the court had no authority to appoint Few as independent executrix. *See Grant's Estate*, 93 Tex. at 72, 53 S.W. at 373; *Loewenstein*, 119 S.W.2d at 184. Therefore, we sustain Appellants' fourth point.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

---

1. We do not believe a discussion of the issues presented by Appellants' first and third points is necessary to a proper disposition of this appeal. *See* TEX.R.APP. P. 47.1. Accordingly, we do not reach these points.

2. If the court determines that there is no necessity for administration as Appellants allege in their will contest, the court may probate the will as a muniment of title and not appoint an administrator. *See* TEX. PROB.CODE ANN. § 89C (Vernon Supp.2000).