MARTHA L. STONE *vs.* GEORGE S. LITTLEFIELD.

Middlesex.     March 28, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Trust — Capital and Income — Net Income.*

Where the trustee of an estate held in trust has been obliged to pay taxes upon an unproductive investment received by him from his predecessor, this expense is not to be deducted from the income of other and productive investments, but is to be regarded as a charge upon the principal of the unproductive investment.

A testator by his will gave to his wife "the use and income" of all the residue of his estate "during her natural life," at her death "all my said estate then remaining to be divided equally between my two sisters," and appointed a trustee to hold and manage the estate during the life of the wife, "collecting the income for her so far as may be necessary to secure the same to her sole and separate use, and paying the same to her upon her sole receipt." *Held,* that the wife was entitled to the net income only of the estate.

Two APPEALS from decrees of the Probate Court, upon the account of George S. Littlefield, trustee under the will of Paul Adams, and upon a petition for a construction of the will. *Field,* J., reserved the case for the consideration of the full court, upon agreed facts, in substance as follows.

The will of Paul Adams, who died in 1870, after two small specific legacies, contained the following provisions, which alone are material:

"Third, I give and bequeath to my beloved wife, Martha Adams, the use and income of all the rest and residue of my estate, real and personal, of which I shall be seised and possessed at the time of my decease, during her natural life.

"Fourth, At the death of my said wife I give, devise, and bequeath all my said estate then remaining, to be divided equally between my two sisters, Sarah Halladay and Mary L. Niles, to have and to hold the same to them and their heirs forever. . . .

"Fifth, I constitute and appoint my friend, Josiah F. Stone, of Winchester, in Massachusetts, to be the executor of this my will, and also to be the trustee to hold and manage my estate during the life of my said wife, collecting the income for her, so far as may be necessary to secure the same to her sole and separate use, and paying the same to her upon her sole receipt."

Stone was appointed trustee under the will, and upon his death was succeeded by one Emmons, who in turn was in 1885 succeeded by Littlefield. Martha L. Stone was the Martha Adams mentioned in the will. The estate of Adams consisted entirely of personal property, and in that form came into the hands of Littlefield. Among other securities Littlefield received a note for four thousand dollars, representing an investment made by Emmons, secured by a mortgage of real estate in Malden. In June, 1886, Littlefield foreclosed the mortgage for

non-payment of the debt, interest, and taxes.    At that time the taxes upon the mortgaged real estate for the years 1885 and 1886, which by the terms of the mortgage were payable by the mortgagor, were due and unpaid, and were thereupon paid. by Littlefield, and the real estate was sold to him under a power contained in the mortgage.    No rent was received by him from this real estate, and in December, 1887, he resold it.    The Probate Court made a decree that the sum paid for the taxes by the trustee upon the mortgaged real estate. should be charged against the principal of the trust fund in his hands, and from this decree Sarah A. Halladay and Mary L. Niles appealed to this court.   The Probate Court also made a decree upon the petition for the construction of the will, which was filed by Martha L. Stone, that the true intent and meaning of the third clause of said will is, that the widow of the testator is to have and receive the use and net income of all the rest and residue of his estate during her natural life, after deducting therefrom the expense of administering the trust, and the expense of keeping and maintaining the estate intact; and Mrs. Stone appealed to this court.

*S. J. Elder*, for Martha L. Stone.

*J. Willard*, for Sarah A. Halladay and Mary L. Niles.

C. ALLEN, J.   The trustee received from his predecessor, as part of the trust estate, a note secured by a mortgage of real estate.   For non-payment of interest, taxes, and the principal sum, the trustee foreclosed the mortgage, and afterwards sold the land.   Before making the sale, he was under the necessity of paying the taxes for two years, which the mortgagor ought to have paid.   So far as appears, this investment had yielded no income.   The question is whether this expense for taxes shall be deducted from the principal, or be taken from the income of other and productive investments of the same·trust estate.   The testator's widow being entitled to the use and income of all of the residue of his estate, must that income bear the loss which may be sustained by reason of a particular unfortunate investment?

We are of the opinion that it must be deducted from the principal.    Otherwise, a loss upon some one investment, for which no one would be legally responsible, might absorb the

widow's whole income for the year, or even more. It is more just that a loss of this description should be held to diminish the corpus of the trust estate, so that the life tenant will receive less income, and the remainderman less principal. A profit or gain upon an investment would go in the same way.

The remaining question is whether under the will the testator's widow was to have the gross or the net income. It is admitted that ordinarily, when property is given in trust to pay the income to a person for life, and at his death to convey the property to a remainderman, net income and not gross income is meant. We find nothing in this will to take this case out of the general rule. The argument in behalf of the life tenant chiefly rests upon the provision in the fourth clause, " at the death of my said wife I give, devise, and bequeath all my said estate then remaining," etc. These words are consistent with either supposition. They would be equally proper whether the whole principal was or was not to be kept intact. Looking at the whole will, it seems quite obvious that the true construction is that the testator's widow was to have the net income only.

The result, is that in each case the decree of the judge of probate must be affirmed.                    *Decrees affirmed.*