HUGH W. OGDEN, executor, vs. HORACE G. ALLEN, trustee.

Suffolk.  November 20, 1916. — January 11, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Capital and Income.  Trust,* Trustee's accounts.

A will provided in substance that the testator's widow should receive during her life the net income of certain property placed in trust.  The trust property consisted in part of parcels of vacant and unproductive land.  The trustee during the life of the widow paid $2,270.76 from the income for the maintenance of one parcel of vacant and unproductive land.  After the death of the widow, the trustee sold the parcel in question.  At a hearing upon the account of the trustee stating the sale, the executor of the will of the widow contended that the amount previously charged to income for upkeep of the land in question should be returned to income and charged to principal, that the expense of the sale should be charged to principal, that there also should be added to income an amount which would represent the income from the proceeds of the sale if it had been made at the time of the death of the testator and that the balance of income so obtained should be turned over to the executor of the widow as having been her property.  *Held,* that, while such an adjustment of accounts might have been proper if the unproductive real estate had been sold before the death of the widow, it ought not to be made in this case, where the sale occurred after her death.

In the same case it was *said* that the question, *whether* the expenses incurred in the maintenance and sale of the unproductive land properly could have been deducted from the principal of the fund during the lifetime of the widow, need not be decided.

APPEAL by the executor of the will of Helen A. Thompson from a decree of the Probate Court allowing the second and third accounts of the surviving trustee under the will of James N. Thompson, late of Boston.

The appeal was heard by *De Courcy,* J., upon an agreed statement of facts.  The material facts are stated in the opinion.  The single justice reported the case for determination by the full court.

The case was submitted on briefs.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the appellant.

*H. G. Allen,* trustee, *pro se.*

CROSBY, J.  The testator, James N. Thompson, died on February 12, 1909, leaving a widow, Helen A. Thompson, who, with the appellee, was appointed an executor and trustee under his will.  The appellee is the surviving trustee.  The widow died on January 30, 1914, and the appellant is the executor of her will.

By the terms of her husband's will the widow was. given "from the net income of said trust property such sum or sums as she may in writing request of said trustees during her life not exceeding the sum of four thousand (4000) dollars in any one year." She did not waive the provisions of the will, and in writing requested the executors and trustees to pay her $4,000 a year during her life. During no year in her lifetime did the net income from the trust property equal $4,000. The estate consisted in part of parcels of vacant and unproductive land, including an undivided one half interest in a lot on Commonwealth Avenue in Boston, which was subject to a mortgage of $10,000.

The agreed statement of facts recites that "Various pieces of unproductive real estate were sold prior to the death of Helen A. Thompson, and the amounts received therefor were divided between principal and income, as appears by the executors' and trustees' accounts filed, and the income paid to Helen A. Thompson." The lot of land on Commonwealth Avenue above referred to was sold by the surviving trustee after the death of the widow. The executor of her will contends that the expense paid for maintaining this lot since the date of the testator's death, including interest on the mortgage, taxes and brokers' commissions on the sale, amounting in all to $2,569.16, which he had paid from income and of which $2,270.76 was paid during the lifetime of the widow, should be charged to principal and should not be deducted from income, and that an amount equivalent to all payments from income in the way of expenses in connection with the maintenance of the property since the death of the testator should be deducted from the proceeds of the sale and repaid to income, and the balance apportioned between principal and income; and that the executor of the will of the widow is entitled to such portion of the amount so repaid to income, and to such portion of the remaining proceeds of the sale, added to income by apportionment, as properly belonged to the period from the date of the testator's death to the time of the death of the widow.

The rule is well established that the tenant for life is entitled to the income to be computed from the time of the testator's death, unless a contrary intention is indicated by the will. It is the duty of trustees in the exercise of a sound judgment and discretion to convert unproductive property into an income producing

fund as soon as reasonably can be done under all the circumstances. It is agreed in this case that in holding the Commonwealth Avenue property the trustees exercised a sound judgment. While the rule is settled, that generally taxes, interest and other expenses are to be charged to and payable out of income, it also is held that, where the property is unproductive and yields no income, such expenses are chargeable to principal, as otherwise the whole income might be used in the payment of such expenses and the life tenant receive nothing. *Stone* v. *Littlefield,* 151 Mass. 485; *Edwards* v. *Edwards,* 183 Mass. 581. *Jordan* v. *Jordan,* 192 Mass. 337.

It is agreed that the proceeds of sales of other parcels of unproductive real estate sold before the death of the widow were apportioned between principal and income in accordance with the rule as above stated. While such an apportionment between income and principal of the proceeds of the sale of the real estate in question undoubtedly properly could have been made during the lifetime of the widow, we are of opinion that such a division ought not to be so made at this time, — after her decease. The sale was not made until after her death; consequently, the fund did not come into existence until after that date and until all her rights under the trust had ceased. At the time when the fund was created, she had no beneficial interest in the trust.

The case of *Richardson* v. *Hall,* 124 Mass. 228, upon which the appellant relies, is plainly distinguishable from the case at bar. In that case the testator gave to his widow an annuity and the court held that it became vested in her and that her administrator was entitled to receive any balance thereof due and unpaid. In the case at bar no interest in the proceeds of the sale ever became vested in Mrs. Thompson. Whether the expenses incurred in the maintenance and sale properly could have been deducted from the principal of the fund during the lifetime of the widow need not be decided. See *Edwards* v. *Edwards, ubi supra.*

The decree of the Probate Court must be affirmed.

*Ordered accordingly.*