In the Matter of the Estate of EMILY B. HOPKINS, Deceased.

Surrogate's Court, New York County, January 18, 1929.

*Wait & Johnston*, for the executors.

*Williston Benedict*, for Arthur Pierson and Williston Benedict, as executors of last will and testament of Farrand B. Pierson, deceased.

O'BRIEN, S. The questions raised in this accounting proceeding are disposed of as follows:

(1) I hold that the executors are entitled to commissions upon the sale price of the real estate located on Thirty-second and Thirty-third streets, New York city, after deducting therefrom the sum of $400,000. Such sum of $400,000 was the amount of the mortgage originally upon said property which was paid off by the executors out of other funds of the estate prior to the sale of the property. It thus constituted merely a change in the form of the investment of a portion of the estate from cash to real property.

(2) There is nothing in the will of testatrix to indicate that she intended that the beneficiaries of the trust created by paragraph 8, subdivisions 7th and 8th, should receive no income until the real property was sold. On the contrary, her intention appears to be that they should receive income from the date of her death. Such intention may be found, for instance, in the provisions for the benefit of Florence L. Redfield, where a part of the principal was directed to be paid to the beneficiary at the end of five years from the date of death of testatrix, and the balance of principal at the

end of ten years from the date of her death, with income payable to her *in the meantime.* A postponement of the payment of income to such beneficiary until the sale of the properties of the estate was had might deprive such beneficiary of any income whatsoever if such sale was not had until five or ten years after the death of testatrix. Such a situation would clearly contravene the terms of the will that income was to be paid to the beneficiary " in the meantime." The rule that income accrues to a beneficiary of a trust from the date of the death of a decedent must be applied in the absence of a contrary intention. (*Matter of Stanfield,* 135 N. Y. 292; *Matter of Parkin,* 190 App. Div. 875.) I hold, therefore, (a) that of the twelve-one hundred and seventy-fourths of the residuary estate directed to be held in trust for Charles W. Benedict, and eighteen-one hundred and seventy-fourths in trust for Florence L. Redfield, consisting of the proceeds of the improved real property, the life beneficiaries should receive income earned by such property from the date of decedent's death; and (b) as to the proceeds of the sale of the unimproved real property, there should be an apportionment between principal and income in accordance with the principle set forth in *Lawrence* v. *Littlefield* (215 N. Y. 561) and *Furniss* v. *Cruikshank* (230 id. 495).

(3) I hold that paragraph 10 of the will is void, and, therefore, does not change or modify in any respect the legacies given by paragraph 8 of the will.

Submit decree construing the will and settling the account accordingly.