## MOORE v. SANDERS.

### No. 10053.

Court of Civil Appeals of Texas. San Antonio.

May 12, 1937.

Rehearing Denied June 16, 1937.

**338**

Laurie M. Huck, of San Antonio, and Charles N. Fansler, of Laredo, for appellant.

Gordon Gibson and Mitchell Schwartzman, both of Laredo, for appellee.

SLATTON, Justice.

Catherine Moore Sanders brought this suit in the Forty-Ninth district court of Webb county, for herself, and as guardian of the persons and estates of her two children, Albert C. and James H. Moore, against Odette Moore. The purpose of the suit was to remove Odette Moore as trustee of a fund of $2,000, which had been left to said children by their deceased father, and to have another trustee appointed; also to recover from such trust fund hospital and doctors' bills, etc., incurred in virtue of unexpected illness of said children; and for an allowance of $15 per month out of the fund for maintenance and education of such children.

Trial to the court resulted in a decree removing Odette Moore as trustee, appointment of Catherine Moore Sanders as trustee, subject to the orders of the court, upon giving bond, allowance of the emergency bills, and $15 per month for each child for maintenance and education. Odette Moore being dissatisfied with the decree brings the case here.

The trial court made findings of fact and conclusions of law, which are sustained by the evidence and therefore adopted here.

Appellant complains of the action of the court in overruling her plea in abatement which set up a misjoinder of causes of action. By her plea she claimed Mrs. Sanders, as guardian of the estates of minor children who are cestuis que trustent of a fund in the hands of appellant, may not join in one suit a count for the removal of appellant as trustee, and a count for judgment for moneys advanced by her for emergency expenses and an allowance to her for maintenance and education of the children.

Upon hearing of appellant's plea the trial court permitted the minors to intervene as parties plaintiff, by and through their mother and next friend, Catherine Moore Sanders.

The issues thus presented were for removal of the trustee and appointment of another trustee in one count, and that the trust fund be charged with certain allowances in another count. In Texas Jurisprudence, vol. 1, p. 639, it is said: "In determining questions relating to joinder of causes of action courts are largely controlled by the rule which forbids a multiplicity of suits to the end that all matters between the parties relative to the same subject matter may be settled in one suit—a general doctrine or policy recognized in all existing systems of jurisprudence but applied in Texas with particular force."

We are doubtful of there being misjoinder of parties or causes; in either event the appellant was not injured. Mayhew & Isbell Lumber Co. v. Valley Wells Truck Growers' Ass'n (Tex.Civ.App.) 216 S.W. 225.

By the second, third, fourth, and eleventh propositions appellant complains that the trial court committed reversible error in not appointing a guardian ad litem to protect the interests of minor cestuis que trustent, and rely principally on the case of Kidd v. Prince (Tex.Com. App.) 215 S.W. 844. In that case our Supreme Court held that a father, guardian of his three minor children, could not maintain suit against them to divest them of their interest in certain real property. In the case at bar Mrs. Sanders asks nothing for herself. She seeks only to remove appellant as trustee of a fund belonging to her minor children and to charge that fund with certain emergency charges for the benefit of such children. The decree provides for such emergency bills to be paid, not to Mrs. Sanders, but to the doctors and hospital, etc. Appellee further asks for an allowance for the education and maintenance of the children, and the decree provides for her administration of the fund, as trustee, under the direction of the court, and the expenditure of the sum of $15 per month out of such

fund for the support and maintenance of each of said minors. It is true that the minors will live with their mother; if it were otherwise, it would no doubt require more than the sums allowed. This relation of Mrs. Sanders to her minor children does not create an adverse interest in this suit, which would require the court to appoint a guardian ad litem. Her attitude here is not to divest her minor children of any of the trust fund, but to recover it for them. These propositions are overruled.

Appellant complains, by her fifth, sixth, seventh, eighth, ninth, and fourteenth propositions, of her removal as trustee of the fund and the appointment of a substitute trustee, on the grounds that the evidence does not show good cause for removal; her theory being:

(1) That the settlor of the fund gave her the full power and discretion to expend the same. She was not legally bound to invest it.

(2) That she was not under a legal duty to advise Mrs. Sanders, said minors' guardian, of the existence of the fund.

(3) That the finding of the trial court that appellant had no business experience is arbitrary and in effect destroys the settlor's right of selection of a trustee.

(4) That antagonism between the trustee and the guardian of the minor cestuis que trustent is no ground for removal.

(5) That the failure of appellant to pay the emergency expenses of the cestuis que trustent living in a distant city, without notice from their guardian, is no ground for removal.

We shall not address ourselves to her theories separately. Corpus Juris, vol. 65 p. 795. The general rule is well settled that, where trust money cannot be applied either immediately or within a short time to the purposes of the trust, it is the duty of the trustee to make the fund productive to the cestui que trust by investment of it in some proper security, and a duty to invest arises by necessary implication from direction to pay over the interest or income. See, also, R.C.L.

vol. 26, p. 1305. Appellant received the fund on April 23, 1935, a little short of eight months before this suit was brought, through which time the fund was not invested. In the case of Ogden v. Allen, 225 Mass. 595, 114 N.E. 862, the court say: "It is the duty of trustees in the exercise of a sound judgment and discretion to convert unproductive property into an income producing fund as soon as can reasonably be done under all the circumstances." We think it was the duty of the trustee to notify the guardian of the beneficiaries of the existence of the fund. This she failed to do. We think the lack of business experience may be considered on the question of removal of a trustee. 65 C.J. p. 622.

The very nature of the facts surrounding the parties interested in the fund here to be administered demonstrates that the antagonism between appellant and the mother of the cestuis que trustent is a paramount issue on the question of removal of the appellant as trustee, and the trial court properly considered the same. Moreover, the fact that the minor children are now living with their mother renders impracticable at least the administration of this fund by appellant. Appellant's lack of knowledge of the necessity for the emergency expenses was not occasioned by the minors of tender years, but, undoubtedly, by the feeling existing between appellant and Mrs. Sanders. The trial court did not remove appellant on any one of the grounds above mentioned, therefore, it is not necessary for us to hold that any one of them is sufficient. We do think all of them together are sufficient.

By her twelfth proposition appellant complains that the decree allowing a monthly allowance for the support of the minors is erroneous, because the county court of Harris county has the exclusive jurisdiction over the estates of such wards. We think the trial court had authority to make the allowance. 65 C.J. p. 676; Kent v. McDaniel (Tex.Civ.App.) 178 S.W. 1006.

Finding no reversible error in the record, the decree is affirmed.