

# The Attorney General of Texas

July 9, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles D. Travis
Executive Director
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas    78744

Opinion No. MW-493

Re: Authority of Texas Parks and Wildlife Department to reinvest trust funds

Dear Mr. Travis:

Your letter concerns the proper administration of certain funds contained within the Varner-Hogg State Park Trust Fund administered by the department as trustee for the benefit of the Varner-Hogg State Park in Brazoria County.  This trust was established in 1956 by a deed which conveyed to the department certain real property and personalty in the form of stock.  You inform us that a portion of the stock was in the Liggett Corporation and that that stock has been cancelled as a result of a merger agreement, leaving the shareholders only the right to receive a cash conversion value.  Since the conversion to cash would no longer be income-producing, the department wishes to consider the possibility of investing the cash in some income-producing asset.

Your question in essence is twofold:  (1) would such investment be consistent with the trust deed and (2) does the department have the authority to make such an investment?

The relevant portion of the subject trust deed reads as follows:

> And, for and in consideration of the agreements and conditions hereinafter set out, I, the said Ima Hogg, have transferred, assigned and delivered, and by these presents do transfer, assign and deliver, unto the said State Parks Board of the State of Texas, stock certificates evidencing three hundred thirty (330) shares of Kennecott Copper Corporation common stock, and one hundred (100) shares of Liggett & Myers Tobacco Company common stock, upon condition that all of the cash dividends from said stock shall be used only for the operation, maintenance and improvement of the premises hereinabove granted, and no other, and that the title to said stock shall vest and remain in said State Parks Board

for so long a time as said premises shall be used for State Park purposes, as herein provided.

TO HAVE AND TO HOLD the above described premises and shares of stock, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said State Parks Board of the State of Texas so long as said premises are continuously held and used by said Grantee, and its successors, as a State Park under the covenants, terms and provisions hereof, and no longer; and if the same be not used for said purposes, or at any time cease to be used for such purposes, or at any time be used for any other purposes save and except those which are herein expressly described and mentioned, then and thereupon this conveyance and transfer shall be null and void and said premises and shares of stock, together with any additional or substitute shares which may be hereafter acquired by way of merger, consolidation, stock dividends, split-ups, and/or spin-offs, by the issuing corporations or their successors, shall immediately thereafter revert to Grantor herein, her heirs or assigns, and it shall be lawful, without suit, but only upon the giving of reasonable notice to the State Parks Board of the State of Texas, or its successors, for Grantor herein, her heirs or assigns, to re-enter and repossess said premises and repossess said shares of stock, and thereafter peaceably to hold and enjoy said premises and shares of stock as if these presents had not been made; and no act or omission on the part of Grantor, her heirs or assigns, save the failure to give such notice, shall be or constitute a waiver of the operation or enforcement of such condition; and upon such occurrence the State Parks Board of the State of Texas hereby expressly binds and obligates itself to re-transfer, re-assign, and deliver unto Grantor, her heirs or assigns, any and all certificates evidencing said shares.

The cancellation of the Liggett stock and its conversion to cash clearly was not one of the possibilities contemplated by the grantor when the trust deed was executed and therefore we have no express instructions from the grantor as to how such a contingency should be handled. We are left with having to make a determination of whether or not the investment of the cash conversion would be contrary to the intent of the grantor. The grantor clearly intended that the trust be

composed of income-producing assets, for that is what she in fact conveyed. Furthermore, the instrument is silent with regard to how the trustee should handle assets that were not income-producing. The grantor clearly intended to establish a trust that would be adequate to maintain the park grounds indefinitely. Given a choice between leaving a sum of cash in the fund which is not income-producing or converting cash into an income-producing asset, the latter choice appears to be more consistent with the intent of the grantor.

In answer to your second question, we note initially that a state agency only has those powers which are expressly conferred upon it by law or necessarily implied therefrom. 2 Tex. Jur. III Administrative Law §11. The Parks and Wildlife Code itself does not grant to the department the general authority to invest monies under its control, but it does contain authority for the department to accept gifts for the benefit of the state park system, Parks and Wildlife Code section 13.004, and therefore has authority to act as trustee of those gifts. Attorney General Opinion WW-122 (1957). The situation we are presented with here is not one which involves money appropriated by the legislature or in any way derived through taxation nor does it involve money under the department's general management and control. Rather, the department acts as a trustee and as such accrues the same powers and responsibilities over the trust as any other trustee under the laws of the state of Texas.

There is an implied duty to invest non-income producing assets held in trust where there is a direction by the grantor to pay over the interest or income to a beneficiary, Moore v. Sanders, 106 S.W.2d 337, (Tex. Civ. App. - San Antonio 1937, no writ), and it is the trustee's duty to use reasonable diligence in so doing, McMullen v. Sims, 37 S.W.2d 141 (Tex. Comm'n App. 1931, holding approved). While no case in point can be found in Texas, it is a generally well-established principal under the common law that trustees have a duty, in the exercise of sound judgment and discretion, to convert unproductive property into an income-producing fund as soon as can reasonably be done, Odgen v. Allen, 114 N.E. 862 (1917). We find no hindrance to the application of these principals to the situation you have presented.

We therefore conclude that (1) the Texas Parks and Wildlife Department has the authority under the law of trusts to invest funds of the trust, (2) the trust instrument contains no language which would limit that authority and (3) such investment most fully complies with the intent of the grantor.

S U M M A R Y

The Texas Parks and Wildlife Department has the authority as trustee of the Varner-Hogg State Park Trust Fund to invest its cash assets.

Very truly yours,

M A R K    W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Eva Loutzenhiser
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Eva Loutzenhiser
Jim Moellinger