## BYNUM v. LONG–BELL LUMBER CO.
### No. 5157.

Court of Civil Appeals of Texas. Amarillo.
May 13, 1940.

Rehearing Denied June 10, 1940.

A. A. Lumpkin, of Amarillo, for appellant.

Kimbrough & Boyce, of Amarillo, for appellee.

STOKES, Justice.

This suit was instituted by appellee against appellant upon a promissory note in the principal sum of $1,257.47, dated June 8, 1931, due and payable December 31, 1932, bearing interest from date at the rate of 10% per annum, and providing for 10% additional as attorney's fees. Appellee filed its original petition December 29, 1936, two days before the note would have become barred by the provisions of subsec. 1, Art. 5527, R.C.S.1925, being our four-year statute of limitation. Citation was immediately, issued to Potter County where it was alleged appellant resided and returned unexecuted because, as stated in the return, appellant was not found in Potter County. Alias citation was issued and directed to the sheriff of Bexar County on March 30, 1938, which was some fifteen months after the first citation had been returned unexecuted. The alias citation likewise was returned unexecuted for the reason, as stated in the return, appellant could not be found in Bexar County. Pluries citation was issued to Dallas County on the 11th of January, 1939, received by the sheriff of that county on January 12, 1939, and served upon appellant January 13, 1939.

Appellant filed his answer March 17, 1939, in which, after pleading the general issue, he pleaded by special exception and special answer the four-year statute of limitation in bar of appellee's suit. The case was submitted to the court without the intervention of a jury and judgment was rendered against appellant on the 23d of June, 1939, from which he has perfected an appeal to this court.

The case is presented here upon a single assignment of error in which the action of the court in rendering judgment against appellant in the face of his plea of limitation and the evidence thereon is assigned as error for which it is insisted the judgment should be reversed.

The undisputed facts as revealed by the evidence are that, at the time he executed the note, appellant resided at Amarillo, in Potter County. Soon thereafter, however, he removed to Dallas, leaving with appellee his local address there, and appellee's manager wrote him a number of letters between that time and 1935, addressing them to his place of residence at Dallas. The letters were mailed in envelopes with appellee's name, address and request for return printed thereon and, while none of them was answered, none was returned to appellee undelivered. During these years between 1931 and 1935 the manager of appellee had a number of conversations with appellant, met him on the streets at Amarillo on some occasions, and appellant visited in appellee's local office on several occasions. In the early Fall of 1938, appellee's manager met appellant on the street in Dallas, when appellant informed the manager that he lived in Dallas and at some time thereafter, appellee's manager informed his attorney of the fact, but still pluries citation was not issued to Dallas County until January 11, 1939. When it ultimately was issued to Dallas County and placed in the hands of the sheriff of that county, it was promptly and apparently without difficulty, served upon appellant there. The only excuse offered by appellee for not having the citation served more promptly was that its local manager did not know where appellant was living. Appellee's manager testified that in 1935, in a conversation with appellant, the latter left with him the impression that he was leaving Dallas. No effort was made by the manager, however, to ascertain the place to which appellant was moving nor where he would thereafter be located. The fact is undisputed that during all of the time appellant resided at Dallas. His name appeared in the telephone and city directories and during one year he was in the automobile tire business at a prominent location there. When the note was placed in the hands of appellee's attorney for suit, he was not informed of appellant's location nor given any information concerning his removal to Dallas, nor that he had ever resided there. After the case had remained on the docket some fifteen months appellee's attorney was informed that appellant was at the Gunter Hotel in San Antonio, and alias citation was then issued and forwarded to the sheriff of Bexar County. The testimony shows appellant was at San Antonio on numerous occasions for a few days at a time when he had business there, but at no time did he ever reside there. After closing out his automobile tire business at Dallas appellant accepted employment which required him to travel over the state a great deal and he was away from home about half of his time, but his family, consisting of his wife and two children, continued at all times to reside at Dallas, and the testimony warrants the conclusion that he could have been located there with little difficulty at any time during the two years and more that elapsed between the time the suit was filed and citation ultimately served upon him. Appellee's manager testified that during this time he made some general inquiries and was unable to locate appellant. He said he could not remember any particular person of whom he made inquiry, but that he made an occasional check-up as to appellant's whereabouts on an average of about every ninety days. R. C. Alexander, who was bookkeeper and office manager for appellant at Amarillo about twelve years prior to July 4, 1935, testified that he knew appellant moved to Dallas because appellant informed him and the manager of that fact when he moved to Dallas and also that he so informed them upon occasional visits to the office at Amarillo after his removal to Dallas. He said that their letters to appellant were addressed to him at Dallas and that they received letters from appellant showing that he resided there.

Art. 199, Sec. 108, Vernon's Ann.Civ.St., provides that the court of the 108th Judicial District in which the case was tried convenes six times a year and remains in session approximately sixty days each term. The record shows the court convened upon the regular date each term during the pendency of the suit. A calculation will show, therefore, that thirteen terms of the court convened between the filing of the original petition and the service of the citation. Fifteen months elapsed between the issuance of the first citation and the alias citation to Bexar County, and approximately ten months more elapsed before the pluries citation was issued.

■■ From the foregoing statement it will be seen that practically no diligence

was exercised by appellee after filing its original petition to procure service of citation upon appellant. During all of the time, amounting to more than two years, appellant lived at Dallas and could, with the slightest diligence, have been located there. Both the local manager and the bookkeeper of appellee not only had no valid reason to believe appellant resided elsewhere than at Dallas, but had every reason to conclude that he did reside there. No information was given its attorney concerning his residence at Dallas and, although the attorney several times made inquiry of appellee's manager and bookkeeper, they gave him no information concerning appellant's place of residence, and the only effort to locate appellant which the record shows to have been made by them was an occasional check-up which appears to have been nothing more than a mere routine of business policy in the office which brought the matter to their attention on an average of about every ninety days. In other words, no sort of effort to locate appellant was made oftener than about four times each year and even those that were made were merely superficial in their nature. In our opinion, the record is conclusive that appellee did not exercise reasonable diligence to procure service of the citation. It is well established in this state that statutes of limitation are not interrupted by the mere filing of the petition and casual efforts made to serve the citation. Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Veramendi v. Hutchins, 48 Tex. 531; Owen v. City of Eastland, 124 Tex. 419, 78 S.W. 2d 178; Ferguson v. Estes, Tex.Civ.App., 214 S.W. 465; Landers v. Jordan, Tex. Civ.App., 126 S.W.2d 677; Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565; First State Bank & Trust Co. v. Ramirez, 133 Tex. 178, 126 S.W.2d 16.

Art. 5527, subsec. 1, R.C.S.1925, provides that a suit for debt where the indebtedness is evidenced by a contract in writing, shall be commenced and prosecuted within four years after the cause of action shall have accrued. In the above cited cases and many others our courts have consistently held that the limitation provided by the statute is not tolled by filing the petition merely, but that reasonable diligence must be exercised by the plaintiff to have citation served upon the defendant. It was said in Buie v. Couch, supra, that the object of the statute requiring suits to be filed and prosecuted within a fixed time is not only to require the plaintiff definitely to commit himself as to his intentions, but also to advise the defendant thereof in order that the latter may prepare his defense and preserve his evidence in support thereof before it is lost by lapse of time. Whatever may be the reason for the enactment of statutes of limitation, they exist in the statutes of all the states, and, in order to interrupt their continuous progress by the filing of a suit, diligence on the part of plaintiffs legally to inform those against whom suits are filed of the fact that suits have been instituted is required by the courts in most of them. Certainly that rule is well established in Texas as will be observed by a reading of the authorities above cited and many other opinions of similar import that have emanated from our courts.

From what we have said it follows that, in our opinion, the court below erred in rendering judgment against appellant in the face of his plea of limitation and the evident lack of reasonable diligence on the part of appellee to have citation served upon him. The case appears to have been fully developed and no purpose could be served by another trial. The judgment is, therefore, reversed and judgment will be here rendered that appellee take nothing by its suit.