THE LONG-BELL LUMBER COMPANY V. E. B. BYNUM, JR.

No. 7779. Decided January 14, 1942.
Rehearing overruled February 4, 1942.
(158 S. W., 2d Series, 290.)

*Kimbrough and Boyce,* of Amarillo, for plaintiff in error.

Where there is evidence in the record upon which the judgment of the trial court can properly be based, such judgment should not be disturbed upon appeal. Belser v. Herman Hale Lbr. Co. 41 S. W. (2d) 208; Morgan v. Hardy, 57 S. W. (2d) 204; Wilson v. Dickson, 35 S. W. (2d) 701; Ricker v. Shoemaker, 81 Texas 22, 16 S. W. 645.

*A. A. Lumpkin,* of Amarillo, for defendant in error.

Although plaintiff filed his suit two days before the note became barred by limitation, he permitted several terms of court to elapse before process was issued and served upon defendant. Therefore he failed to use diligence and the judgment of the Court of Civil Appeals was correct. Morgan v. Hardy, 57 S. W. (2d) 204; Owen v. City of Eastland, 124 Texas 419, 78 S. W. (2d) 178; 28 Tex. Jur. 196.

MR. JUDGE HICKMAN delivered the opinion of the Commission of the Court.

Plaintiff in error, The Long-Bell Lumber Company, hereinafter called plaintiff, recovered judgment in the trial court against defendant in error, E. B. Bynum, Jr., hereinafter called defendant, on a promissory note in the principal sum of $1,257.47, which judgment was reversed by the Court of Civil Appeals and judgment rendered that plaintiff take nothing. 141 S. W. (2d) 392.

The sole defense relied upon in the trial court was the statute of limitation of four years, Article 5527, R. C. S. 1925, and the sole assignment of error in the Court of Civil Appeals was one complaining of the action of the trial court in rendering judgment upon the note in the face of defendant's plea of limitation and the evidence offered in support thereof.

The note was dated June 8, 1931, and was due and payable December 31, 1932. The original petition was filed on December 29, 1936, two days before the note would have become barred by the above statute. The specific question for decision is whether, as a matter of law, plaintiff failed to exercise reason-

able diligence in procuring service of citation upon defendant after filing the suit. The trial court concluded that under the evidence sufficient diligence was exercised to toll the statute and accordingly rendered judgment upon the note. The Court of Civil Appeals concluded that, as a matter of law, plaintiff failed to exercise reasonable diligence in the premises and accordingly rendered judgment that it take nothing. That court did not reverse the judgment of the trial court in the exercise of its jurisdiction to reverse and remand on the ground that fact findings were contrary to the great weight and overwhelming preponderance of the evidence. No assignment presented such question. It reversed and rendered the case on the ground that, as a matter of law, the defense of limitation had been established. The question presented for decision here is, therefore, one of law only, of which we have jurisdiction. It is elementary that, if there was evidence of probative force supporting the conclusion of the trial court that sufficient diligence had been exercised to toll the statute, then the Court of Civil Appeals was not authorized to set aside that finding of the trial court and substitute its own finding therefor. With this rule in mind we make a brief statement of the facts. In support of the trial court's judgment those facts must be viewed, and will be stated, in the light most favorable to the plaintiff.

The suit, as noted, was filed in Potter County on December 29, 1936. Citation thereon was immediately issued to that county and returned unexecuted, the officer's return disclosing that the defendant was not found in that county. Alias citation was issued to Bexar County on March 30, 1938. That citation was returned unexecuted for the reason, as stated in the return, that the defendant could not be found in Bexar County. Pluries citation was issued to Dallas County on January 11, 1939, and was served upon the defendant two days later in that county. Defendant moved from Amarillo to Dallas in 1931. Between 1931 and some time in 1933 plaintiff sent various letters to him at his Dallas address, none of which was answered or returned. In 1935 plaintiff's manager had a conversation with defendant in Amarillo and testified that he was led to believe by that conversation that defendant was moving to Amarillo or its vicinity to take care of property interests out there. After defendant quit the tire business in Dallas, in which he was engaged for about a year, he worked for a time for the Secretary of State in Austin as traveling contact man. His connection with that office terminated in 1936 and he then accepted a position as Executive Secretary of the Texas Real Estate Asso-

ciation, which employment necessitated that he spend much time away from home. The witness, R. C. Alexander, who was formerly employed as plaintiff's bookkeeper, knew during all of this time that defendant lived in Dallas, but that is immaterial, because it is disclosed that his employment by the plaintiff terminated in July, 1935, more than a year prior to the filing of this suit, and that he then moved to Oklahoma City, where he was still residing when he gave his deposition in this case.

It is admitted by the manager of the plaintiff that he knew that the defendant moved from Amarillo to Dallas in 1931 and that letters addressed to him at Dallas for two years following that date were not returned, but as a reason for his belief that defendant had left Dallas before the suit was filed he testified that he was caused by defendant to believe that defendant was moving to Amarillo or its vicinity. While the original citation was in the hands of the Sheriff of Potter County and immediately after the return thereof plaintiff's manager made some inquiries in an effort to locate defendant. Thereafter the matter was placed in a tracer file maintained in plaintiff's local office, after which time at irregular intervals of approximately sixty to ninety days inquiries were made by the manager or some member of his staff in an effort to locate defendant. At the docket call for the March term, 1938, plaintiff's attorney received information to the effect that the defendant could be found in the Gunter Hotel in San Antonio. He thereupon caused citation to be issued and sent to the Sheriff of Bexar County, but, as noted above, the sheriff did not find the defendant in Bexar County. In the Fall of 1938 plaintiff's manager met defendant on the streets in Dallas and learned that defendant was still residing there. Upon his return to Amarillo the manager advised plaintiff's attorneys of this conversation, but citation was not issued to Dallas County until January 11, 1939. Mr. H. M. Kimbrough, one of plaintiff's attorneys, explained the delay in not sooner causing citation to be issued to that county in this language:

"* * * I think that I had some information about Bynum's being in Dallas along in October or November, is my recollection, when Mr. Munday came back from Dallas or Fort Worth and I talked with him about this matter, and he said Bynum told him that he was in Dallas. I made some check on that; I think we called Homer Wheeler's office to make some check to verify that, because I had had so much trouble I didn't

want to send another citation down there unless I was reasonably sure it would be served, and this other citation, I want to say this: there was some delay because I think it would have taken some time to have served him; I understood he was still traveling about the country, and my reason that I didn't issue it for the term of court that I probably should had it issued for, was because I thought it would take more than 10 or 15 days to serve it, and that was about all the time I would have for the proceeding term of court, and that is about my best recollection; * * *."

Viewing the evidence as a whole we think it presented a fact question in the trial court as to whether the statute of limitation was tolled by the filing of the suit. Obviously the evidence would have supported a fact finding that the plaintiff had not exercised proper diligence, but it cannot be said, as a matter of law, that it required such holding. Plaintiff exercised some diligence, and whether or not that was sufficient was a question of fact. The closest question is whether or not proper diligence was exercised by the attorneys after receiving information in the Fall of 1938 that defendant was residing in Dallas. However, the trial court was in better position than we are to know whether the attorney's conclusion that it was probably too late to procure service for the next term of court was based upon a reasonable ground. We cannot say, as a matter of law, that it was not.

It is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court January 14, 1942.

Rehearing overruled February 4, 1942.