## MURAN v. MURAN.

### No. 11976.

Court of Civil Appeals of Texas. Galveston.
April 15, 1948.

618

Al L. Crystal, of Houston, for appellant.

C. H. Chernosky, of Houston, for appellee.

MONTEITH, Chief Justice.

Appellee, Mrs. Sophie Muran, brought this action for divorce from her husband, John Muran, alleging as grounds therefor cruel treatment and outrages of such a nature as to render their further living together as man and wife insupportable. Appellee alleged that the purchase price of a 162 acre tract of land in Burleson County, then used and occupied by herself and appellant as their home, and claimed by appellant to be his separate property, had been paid out of their community funds, but that appellant, without her knowledge or consent and with the intent of defrauding her of her interest in said land, had had said land conveyed to himself as his separate property. She prayed that this land be set aside to herself as her homestead during her natural life. Appellant, in contesting the suit, denied each allegation of appellee's petition.

In a trial before the court judgment was rendered granting the divorce and partitioning the community property of the parties. The trial court found in the judgment rendered that the tract of 162 acres of land in Burleson County occupied by the parties as their homestead, was the community property of appellee and appellant, and that each were entitled to a one-half undivided interest therein, subject to certain indebtedness. The possession, use and enjoyment of this land was awarded to appellee during her natural life. The court rendered judgment against appellant for a fee of $300 for legal services rendered appellee by her attorney.

Appellant predicates his appeal upon the action of the trial court in admitting in evidence testimony contradicting the terms of a deed conveying said 162 acres of land to appellant as his separate property, and the alleged error of the trial court in awarding a fee to appellee's attorney, for the alleged reason that there was no evidence in the record to support a finding that such fee was reasonable.

It is the established law in this State that "the wife's separate ownership of property, although standing in the name of her husband or appearing on record to be community property, may be proven as any other fact by any competent evidence, including parol evidence, surrounding circumstances, and declarations of the parties." Foster v. Christensen, Tex.Com. App., 67 S.W.2d 246, 249; Connor v. Boyd, Tex.Civ.App., 176 S.W.2d 212.

While the testimony relating to the ownership of the 162 acres of land involved in this action is conflicting, it was, we think, sufficient to support the finding of the trial court that the property was part of the community estate of appellant and appellee, and under the record before the Court we are unwilling to substitute our judgment for that of the court who tried the case and determined this issue of fact. Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929; Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290.

Appellant's contention that there was no evidence in the record to support the finding of the trial court that the fee awarded appellee's attorney was unreasonable cannot be sustained.

While there is no specific statutory provision in this State for the recovery by a wife of an attorney's fee to cover her expenses for prosecuting her suit for divorce, our courts have generally held that such fees are recoverable from the husband in cases where she has reasonable grounds for instituting or defending the suit, on the theory that she is entitled to protect the rights granted her under the law where such fee may be classed as a necessary. However, the right of a wife to an attorney's fee and the reasonableness of the fee allowed are held to be matters largely within the discretion of the trial court. Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929; McClanahan v. McClanahan, Tex.Civ.App., 197 S.W.2d 581; Walker v. Walker, Tex.Civ.App., 201 S.W.2d 61.

In the instant case there was testimony to the effect that the action involved property valued at between $8,000 and

$10,000, and that $300 to $350 was a reasonable attorney's fee for the services rendered. This Court cannot, we think, arbitrarily disregard this testimony, particularly in view of the fact that the trial court found the grounds alleged and proven for divorce to be bona fide and sufficient.

Appellee testified that she had no funds, and that she was sick and was unable to work, and that it was necessary to employ an attorney to protect her rights.

There was also ample evidence in the record to support the judgment rendered that the 162 acres of land which was awarded to appellee during her life was the community property of appellant and appellee.

Under these facts the judgment of the trial court must be in all things affirmed.