## GOREE v. HANSEN et al.

### No. 14976.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 22, 1948.

Rehearing Denied Nov. 19, 1948.

Grindstaff, Zellers & Hutcheson and A. E. Zellers, all of Weatherford, for appellant.

E. G. Thornton, of Olney, for appellees.

SPEER, Justice.

Plaintiff, Odee Goree, sued defendants, Mrs. Alice L. Hansen and her son, Leonard Hansen, as partners and engaged in a joint enterprise, for personal injuries and damages to his car, growing out of a collision between their respective automobiles.

As a result of the collision both cars were badly damaged and both drivers received personal injuries, plaintiff's injuries being much more severe than those of Leonard Hansen, the son who was driving defendants' car.

Trial was to a jury on 33 special issues. No question is raised as to the sufficiency of the pleadings. The jury's verdict convicted defendant Leonard Hansen of one of the alleged acts of negligence charged by plaintiff and found proximate cause of the collision therefrom; the verdict also named the amount of plaintiff's damages. Plaintiff was convicted of one act of contributory negligence proximately causing the collision. After verdict was returned plaintiff moved the court to disregard certain answers to special issues and for judgment non obstante veredicto. This motion was overruled and judgment was entered that plaintiff take nothing as against defendants and that defendants take nothing as against plaintiff on their cross action filed. The plaintiff has appealed.

Four points of error are relied upon by plaintiff for reversal. First and third points complain (1) of the submission of special issues Nos. 10, 11, 29, 30 and 31 for lack of any evidence to support them, and (3) because the court entered judgment upon the answers to those issues.

The answers to these issues convicted plaintiff of contributory negligence in failing to keep a proper lookout and that such failure was a proximate cause of the damages complained of by plaintiff and defeated his right to recovery under other parts of the verdict.

There are parts of the testimony concerning this unfortunate accident about which there is no conflict, in this: Plaintiff was driving south on his right hand side of the highway and defendant was driving north following another car on the same highway. Defendant undertook to pass the car he was following on its left hand side and as defendant's and plaintiff's cars were about to meet, plaintiff turned partly off the pavement to his right toward the ditch; about the same time defendant turned to his left toward the same ditch; plaintiff then turned back to the pavement and defendant did the same thing. Plaintiff then turned back toward the ditch and the defendant likewise turned to his left into the ditch and they collided virtually in the ditch. The collision occurred about 1:30 P.M. on a bright day when the pavement was dry.

There is a hopeless conflict in the testimony as to the speed of the respective cars, the distance plaintiff was away when defendant attempted to pass the car in front of him, and the distance plaintiff said he was from defendant when he first saw defendant's car, and the distance defendant and another witness said they saw plaintiff's car, indicating where plaintiff could have seen defendant's car if he had been looking down the road toward it. Plaintiff said he was 50 or 60 yards from defendant when he first saw his car. Defendant and the witness riding with him said they saw plaintiff's car when he crossed the railroad 100 or 125 yards away. Plaintiff said he did not apply his brakes until he was 20 or 30 yards from defendant's car. Without further going into the details of the evidence, we think when the proper rules are applied there was testimony of probative force sufficient to support the jury's finding of plaintiff's failure to keep a proper lookout. In the absence of a conclusion of an appellate court that the jury finding is so overwhelmingly contrary to a preponderance of the evidence as to be clearly wrong and the probative evidence adduced is conflicting, it is the accepted rule that when a jury decides upon one theory of the conflict, all the testimony will be construed in the light most favorable to the verdict, and if there is competent testimony of probative value found the appellate court may not set the verdict aside and substitute its own finding for that of the jury. Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290; Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9, writ refused; Associates Inv. Co. v. Thomas, Tex.Civ.App., 210 S.W.2d 413; Muran v. Muran, Tex.Civ.App., 210 S.W.2d 617; Texas Bus Lines v. Whatley, 210 S.W.2d 626, writ refused NRE. An application of the above principles requires us to overrule points 1 and 3.

Second point complains because in the submission of special issues Nos. 10, 11, 29, 30 and 31 the burden of proof was not placed on defendants.

Special issue No. 10 reads: "Do you find from a preponderance of the evidence that the plaintiff failed to keep a proper lookout on the road ahead of him, as that term is herein defined, immediately prior to the collision in question?" The answer was "yes."

Special issue No. 29 reads: "Do you find from a preponderance of the evidence that the plaintiff Goree was not keeping a proper lookout on the road ahead of him, as that term is herein defined?" The answer was "yes."

Issues Nos. 11, 30 and 31 related to negligence and proximate cause and the burden of proof in each instance was placed as in the two quoted issues. All were answered affirmatively.

Plaintiff's objections and exceptions to the charge complain because the court did not place the burden of proof on the defendants in these issues, and requested a charge to be given in this language: "You are instructed that the burden of proof is upon the defendant to establish the affirmative of all issues beginning with Special Issue No. 10 to Special Issue No. 31, inclusive * * *." The requested instruction was overruled. We note that

no complaint is made of the apparent repetition of issues Nos. 10 and 29.

It is now the settled rule that the better practice is that the burden of proof be incorporated in the Special Issue rather than by a separate charge thereon. It is believed that less confusion and chances of misunderstanding by the jury will follow when the burden of proof is to be found in the issue. Fort Worth & Denver City R. Co. v. Burton, Tex.Civ.App., 158 S.W.2d 601, writ dismissed; 41 Tex.Jur. 1194, sec. 335; Speer's Special Issues 184, 187, secs. 134, 137.

We conclude that by the language used in issues 10 and 29 above quoted the burden of proof was properly placed on defendants. These issues inquired if the jury found from a preponderance of the evidence that plaintiff "failed" to keep a proper lookout. We think the inquiry of failure to perform a duty imposed by law upon plaintiff is the deciding factor. If the inquiry had been "Do you find from a preponderance of the evidence that plaintiff kept a proper lookout" then a different situation would have been presented; such an inquiry would have required plaintiff to procure an affirmative finding thereon. We overrule the point.

Fourth point assigns error because the court overruled plaintiff's motion for judgment disregarding the jury's answers to special issues Nos. 10, 11, 29, 30, and 31.

We have already quoted two of these issues, and have overruled points of error asserting that there was no evidence to support affirmative answers thereto. The motion for judgment disregarding these issues was predicated upon those grounds. From what we have said under points one and three above, we think there was sufficient evidence to support the answers given to issues 10, 11, 29, 30 and 31. Rule 301, Texas Rules of Civil Procedure. If we are correct in this it would have been reversible error for the court to have disregarded the answers and grant plaintiff's motion for judgment non obstante veredicto.

We see no error in this record requiring a reversal and will affirm the judgment of the trial court. This is our order. Affirmed.