## CHANOWSKY v. FRIEDMAN.

### No. 15018.

Court of Civil Appeals of Texas.
Fort Worth, Texas.

March 18, 1949.

Rehearing Denied April 15, 1949.

Sidney Samuels, Belew & Belew, and D. O. Belew, all of Fort Worth, for appellant.

Otis Rogers, Haddaway & Denny, and Arthur Haddaway, all of Fort Worth, for appellee.

SPEER, Justice.

In 1936, Minnie Friedman obtained judgment against Jake Chanowsky for $4,302.52, with interest thereon from its date. The judgment was, at all times involved here, kept alive and effective.

Jake Chanowsky and Mary Chanowsky had been husband and wife for forty or more years when the judgment against the husband was obtained. Mary Chanowsky died on February 13, 1945; she left a will, by the terms of which she devised her property to her husband during his lifetime, with remainder to their son, Adolph Chanowsky; she named her son as independent executor of her estate. The will was probated and Adolph Chanowsky was appointed independent executor; he qualified as such, filed an inventory and appraisement, took the oath and went into possession of most of the estate, which consisted of both real estate and personal property.

Subsequent to the executor's qualification as such, Minnie Friedman, hereinafter called appellee, filed this suit based on her judgment obtained against Jake Chanowsky in 1936. She sued Adolph Chanowsky, independent executor of the estate of Mary Chanowsky, deceased, and in that capacity he will be referred to by us as appellant. Jake Chanowsky was also made a party defendant but further reference to his connection with this appeal becomes unnecessary. It is sufficient to say that appellee's theory in this case was that she should have her judgment debt established against the community estate of Jake and Mary Chanowsky, and that the community property of their mari-

tal relation be held liable for its payment, and that appellant had a sufficient amount of those community assets in his possession to pay the judgment.

Appellant filed general denial and plead specially that Jake Chanowsky, the surviving husband, had taken possession of all community property as he had a right to do and that appellee should not be permitted to subject the estate of Mary Chanowsky to the payment of her debt.

Trial was had to the court and judgment was entered for appellee against appellant in the capacity in which he was sued. This appeal followed.

The substance of appellant's four points of assigned error is: Appellee having filed this suit against appellant on a judgmen held against Jake Chanowsky, it was error for the trial court to enter judgment against appellant, because: (1) Appellee failed to plead or prove that she had a cause of action against appellant; (2) she failed to plead or prove that a judgment against appellant would give her better rights or additional advantage to which she was not entitled either against Jake Chanowsky or this appellant; (3) she failed to allege or prove any act on the part of appellant in handling the estate that entitled her to a judgment against him; and (4) she failed to prove by valid evidence that there was any community property belonging to the community estate in appellant's possession.

This case was before us on a former appeal. Chanowsky v. Friedman, Tex.Civ. App., 205 S.W.2d 641, writ refused, n. r. e. It will be observed that we reversed and remanded the judgment entered on an instructed verdict for Minnie Friedman (appellee) against Adolph Chanowsky, independent executor (appellant), primarily because the record before us did not disclose that appellee had discharged the burden of proof showing herself entitled to recover against the appellant in the capacity in which he was sued.

On the former appeal we were confronted with a record in which the case was apparently tried upon a different theory to that involved in this appeal. That record disclosed that the controversy largely hinged upon a $10,000 U. S. Government Bond shown in the inventory and appraisement to be community property. The record did not disclose that appellant had possession of that bond; nor was it made to appear whether or not the surviving husband was attempting to administer the community estate for the payment of community debts, and this we held he had a right to do.

█ The authorities cited in our former opinion clearly recognize the rule that the surviving husband has the superior and exclusive right to continue to manage and control the community property for the payment of community debts as against any other person attempting to exercise such right and control by means of an administration. However, it does not necessarily follow that when the surviving husband does not attempt to exercise that preferential right no other person can administer the estate; to so hold would thwart the purposes of many provisions of the statutes pertaining to estates of decedents, including the rights of creditors and a wife as testatrix to make a will disposing of her entire estate and to name an independent executor to administer the estate. We are unwilling to hold that under no conditions can a deceased wife's estate, including community property, be administered by any other person than the surviving husband.

Many cases could be cited which clearly indicate that an estate of a deceased wife, although consisting of community property, could be administered by a duly appointed administrator other than the surviving husband; especially where it appears, as in this case, that the husband has not attempted to continue management and control of the community estate for purposes of paying its debts or carrying out valid contracts made prior to the death of the wife. Some such cases are Huth v. Huth, Tex.Civ.App., 187 S.W. 523, writ refused, and Stone v. Jackson, 109 Tex. 385, 210 S.W. 953. In the last cited case many authorities are discussed, all of which emphasize the fact that the husband, being responsible for the community debts and contracts, has the exclu-

sive right to continue to control and manage the community property until such obligations are discharged.

The record now before us concerning this appeal is quite different from the former one. Appellee amended her petition apparently to meet conditions pointed out in the former opinion; all of the documentary evidence was again introduced. It consisted of appellee's 1936 judgment against Jake Chanowsky, several executions, the will of Mary Chanowsky, deceased, its probate at the instance of appellant, his oath and the inventory and appraisement.

The inventory and appraisement in decedent's estate shows property listed as real estate in Oklahoma valued at $22,503; real estate in Texas valued at $3,170; personal jewelry valued at $4,200; household goods at $500; cash $463; bank stock $3,000; and U. S. Government "G" bonds, present value $41,121. As community property there was listed a $10,000 maturity value U. S. Government "G" bond of the present value of $9,470, and a community debt owing by the estate to the First National Bank of Fort Worth of $3,000.

Appellee called Adolph Chanowsky (appellant) to the witness stand. He testified in substance: That he was a son of Jake and Mary Chanowsky; his mother died in 1945; he caused the will of his mother to be probated; that the attorneys made up the inventory and appraisement from the contents of the safety deposit box and that he signed and swore to it; he further related that when his mother died the First National Bank locked the safety deposit box containing some of the assets later listed, that it was a week or two before the "Government" and Bank would let him open the box; that when it was opened it contained the cash, bank stock and U. S. bonds shown in the inventory and appraisement; that all the bonds bore dates of their issuance, beginning with 1940 and ending prior to the death of his mother. That his father was present when the bonds were taken from the box; that one $10,000 bond was payable to his mother "and if she died it belonged to" his father; that when his father saw that

bond he took it saying it was his; that witness did not know if it was community property nor did he know if his father took it for the purpose of administering the community estate; he did not know if his father ever made a bond or otherwise intended or attempted to administer the community estate. (At this point it was stipulated that in so far as counsel for appellant knew no bond or order of community administration existed). The witness examined the inventory and said he still had in his possession the bank stock and all the U. S. bonds listed except the $10,000 bond which his father took and was listed as community property; that he had paid out of his mother's estate the expense of her last sickness and a $3,000 note at the Bank shown as a debt owing by the estate.

Appellee also called as a witness Jake Chanowsky. He testified about some matters applicable here. Among other things he said he was engaged in the liquor business many years and prior to national prohibition he had made perhaps more than $50,000; that he had not made much since that time; he and his wife had lived at Forest Park Apartments for several years before she died and he had continued to live there after her death; that he had at all times had ample spending money; that he took the $10,000 U. S. Government bond at the time the safety deposit box was opened because it was his; that he cashed it and had spent the money for some bills he owed, including traveling and sickness expenses; that he did not pay any community debts; that Adolph paid his wife's doctor's bills and the note at the Bank; that he did not own any real estate nor did he have any community property; that he bought land for his wife with her money but that he might have taken some titles in his own name.

No contention is made here that the judgment sued on was not one for which the community property was liable. It is quite apparent that the judgment sued on by appellee was not listed in appellant's inventory and appraisement of the estate which he was administering, although it did list another debt to the Bank. There is nothing in the record to indicate the

source of this approximately $80,000 estate inventoried in the name of Mary Chanowsky, deceased, which would tend to show it was not community property, as the law presumes it to be.

Article 3424, R.C.S., makes the inventory admissible in evidence in any suit by or against the executor "but shall not be conclusive" if it be shown that the property so listed be not separate or community as specified by him in the inventory. The husband obviously had earned a sizeable community estate and may have given his portion of it to his wife prior to the time the community judgment was taken against him, and yet under Article 3716 could not testify thereto; but even so, the wife's interest in the community would remain undisturbed and subject to the community debts.

The deeds to the real estate listed in the estate of Mary Chanowsky, deceased, were not in evidence and we have no means of knowing whether or not they limited the title to her sole and separate use; hence we have not considered the real estate in arriving at our conclusions in this appeal.

It is indisputably true that the estate inventoried in the Mary Chanowsky estate was possessed by her at her death and since there is nothing to indicate that she owned any property before marriage or had received any by gift, devise or descent since her marriage, under provisions of Article 4619, R.C.S., all property possessed by her when death ended the marital status will be regarded as community effects.

It cannot be successfully contended that a creditor, such as appellee, could not enforce her claim against the community property of the debtor. Article 3437, R.C.S., specifically provides for enforced collection against the executor of such a deceased debtor.

The principal question for our determination is: Was the testimony in this case sufficient to support the trial court's judgment in favor of appellee and against appellant in the capacity in which he was sued? In other words, does the evidence support a fact finding by the court that appellant as executor of Mary Chanowsky's estate has in his possession a sufficient amount of community property to pay appellee's debt? In the judgment as entered, the court established appellee's debt as being one against the community property of Jake Chanowsky and Mary Chanowsky, deceased, and found that Adolph Chanowsky as executor of the estate of Mary Chanowsky, deceased, took possession and at the time of trial had possession of community property of Jake and Mary Chanowsky of a value exceeding the amount of appellee's judgment debt and all accrued interest and court costs. Upon these findings the court rendered judgment for appellee against appellant as such executor.

When, as here, a case is tried to the court he becomes the trier of the facts the same as would have been a jury if one was had. It is the universally accepted rule that if there is evidence of probative force to support the facts found by the trial court the appellate court will rarely set those findings aside and substitute its own in lieu thereof. McCasland et al. v. Henwood, Tex.Civ.App., 213 S.W.2d 555, writ refused, n. r. e.; Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290. Where no separate findings of fact and conclusions of law are filed by the court trying a case without a jury, it is the rule in this state that all facts having support in the evidence will be presumed to have been found by the court in such way as to support the judgment. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Warren v. Haverkorn, Tex.Civ.App., 191 S.W.2d 793.

After a very careful study of this whole record we have concluded that the pleadings are sufficient as against the points of error raised and that the testimony is of sufficient probative effect to support the judgment entered. We therefore overrule all points of error and order the judgment of the trial court affirmed.