## FREE v. FLEET.

### No. 12441.

Court of Civil Appeals of Texas. Galveston.
June 19, 1952.

———◆———

Eugene A. Smith, Houston, for appellant.

David Bland, Houston, and Austin Y. Bryan, Jr., Houston, of counsel, for appellee.

GRAVES, Justice.

The appellee agrees that this statement of the nature and results of this suit below is correct. This Court has, however, eliminated some of its immaterial details:

"On October 15, 1948, suit was filed in the Justice of the Peace Court, Precinct No. One, position No. One, Harris County, Texas, for damages in the sum of $163.27, allegedly resulting from a collision occurring on or about the 16th day of February, 1947, wherein a vehicle said to be owned by appellee, P. O. Fleet, was damaged while being operated by an agent, servant, and employee of Appellant, Melvin L. Free. Service of citation was not had upon Appellant until September 21, 1949, and was had then only by alias citation applied for on September 19, 1949.

"In response to the alias-citation and Plaintiff's original petition, Appellant timely filed his original answer, which contained, among other things, a special plea that Appellee's suit was barred on the grounds of limitations, because the same had not been commenced and prosecuted within the meaning of Article 5526, of the Revised Civil Statutes of the State of Texas, 1925.

"Issue having been joined, the matter was called on for trial, and was tried in the court of Hon. W. C. Ragan, Justice of the Peace, Precinct No. One, Harris County, Texas, on May 8, 1951, which trial resulted in a judgment rendered in favor of Appellee in the amount of $163.27. From such judgment Appellant duly excepted, and gave notice of appeal to the County Court at Law, of Harris County, Texas. A trial de novo was had in the County Court at Law, No. Two, of Harris County, Texas, on January 17, 1952, at which time Appellant again urged that Appellee's failure to comply with Article 5526, Revised Civil Statutes of the State of Texas, 1925, in that he failed to commence and prosecute his alleged cause-of-action within two years from the accrual thereof, was a bar to any recovery on behalf of Appellee. After hearing the testimony and arguments of counsel, the Hon. John Snell, Jr., Judge, County Court at Law No. Two of Harris County, Texas, rendered judgment in favor of Appellee, to which judgment Appellant has duly excepted and taken this appeal."

The single question of law involved on the appeal is, whether or not the trial court erred in so entering judgment for the appellee, and thereby overruling the appellant's plea of limitations—that is, that under

Article 5526, Vernon's Ann.Civ.St., the suit had not been filed and prosecuted within two years after the accrual of the cause of action herein declared upon.

Appellant's one point of error is to the effect that the evidence showed, as a matter of law, that the appellee had failed to commence and prosecute his claim within the two years after the accrual thereof; or, in any event, that the overwhelming weight and preponderance of the evidence failed to show that he had brought and prosecuted the suit within such two years.

He cites in support of that contention these authorities: Buie v. Couch, Tex.Civ. App., 126 S.W.2d 565 (writ refused); Ferguson v. Estes & Alexander, Tex.Civ.App., 214 S.W. 465; Landers v. Jordan, 126 S.W.2d 677, Civ.App.; Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; and Wood v. Gulf C. & S. F. Ry. Co., 15 Tex.Civ.App. 322, 40 S.W. 24, 25.

The appellee, in turn, presents counterpoints to the effect that: (1) the trial court, having sat without a jury, and having filed no findings of fact, nor having been requested to do so—other than as made in its judgment—it must be assumed that it found all facts supported by any evidence in appellee's favor; and (2) that the evidence actually heard by the court met every test of diligence upon the appellee's part, in obtaining service of citation upon the appellant, after the filing of the suit, that was required by the two-year statute.

The appellee's supporting authorities are, in the main, these: 28 Tex.Jur., Sec. 100, p. 193; City of Galveston v. Winslow, Tex.Civ.App., 218 S.W.2d 508; San Saba National Bank of San Saba v. Parker, Tex., 140 S.W.2d 1094; McDonald v. Evans, Tex.Civ.App., 217 S.W.2d 870; and Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290.

It would obviously be going beyond the requirements for this Court to undertake a review of the two lines of decision reflected by the respective citations of authorities so made by the parties hereto, in an effort to point out and isolate the lines of cleavage in decision between them; this, for the reason that, it is plain that such authorities exemplify the fact that different rules of decision apply as affects the diligence of the suitor, depending upon whether or not he has been, after filing this suit, informed by the Justice of the Peace's office that citation had been issued and served upon the Defendant, but that the only reason the officer's return thereon was not in the files of the Justice's office, was because it had been lost, or misplaced.

In other words, appellant ably argues, under the support of the authorities he so relies upon, that no diligence was shown by the appellee in this instance, because, as he asserts, "Appellee failed to commence and prosecute his cause-of-action within two years after the accrual" thereof, and further, that he likewise failed to excuse his failure to so proceed—, that is, especially, he did not show an excuse for failing to prosecute his suit within the two years after filing the same.

This contention is against the whole legal effect of the trial court's judgment herein, under the outstanding finding of fact that must be held to have formed its basis, which was, in substance, this: That the appellee, after filing his suit within proper time, repeatedly inquired of the Constable's office as to the service of a citation upon the appellant, and was each time assured by the Constable, or one of his deputies, that service had been perfected upon the Defendant, and as was cited, supra, that the only reason the return was not in the files of the Justice of the Peace, was because it had been lost or misplaced; that, finally, the Constable's office gave up in its effort to locate the return of such missing citation; that consequently, thereupon, an alias citation was requested by the appellee, which had been served upon the appellant on September 21, 1949.

It, thus, appears that the trial court's judgment imports a finding that the alias citation had been sought and requested by the appellee's attorney as soon as the Constable told him that he could not find the return on the original citation, that had,

**400**

in fact, been issued, and that such officer had given up looking therefor. The appellee's attorney's testimony on that subject was this:

"Q. What was the last conversation? A. That they couldn't find anything on it, gone up in the blue sky.

"Q. Then what were your actions *at that time*? A. When I determined they couldn't find it, I went and filed an alias citation." (Italics ours.)

Further discussion is deemed unnecessary as these conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.