**DALLAS RAILWAY & TERMINAL COM-
PANY et al., Appellants,**

v.

**George E. BOSHER, Sr., Appellee.**

No. 6352.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 30, 1953.

Rehearing Denied Feb. 1, 1954.

Burford, Ryburn, Hincks & Ford, Dallas
(Bruce Graham and Howard Jenson, Dal-
las, of counsel), for appellants.

Chaney & Davenport, Dallas, Gibson,
Ochsner, Harlan, Kinney & Morris, Ama-
rillo, for appellee.

NORTHCUTT, Justice.

Appellee, George E. Bosher, Sr., brought
suit against appellants, Dallas Railway &
Terminal Company and J. B. Landers, for
damages in the sum of $25,000. Appellee
alleged that on or about March 20, 1952,
at about 7:00 p. m., he was operating a
small Cushman motor scooter in a northerly
direction on the east side of Peak Street
in the two-hundred block at the same time
J. B. Landers, an employee of Dallas Rail-
way & Terminal Company, backed a large
1947 White passenger bus out into Peak
Street in the middle of the block and drove
said bus in a backward motion across said
street from west to east. Appellee alleged
that the bus was operated in an illegal
manner in violation of Article 6701d of
Vernon's Revised Civil Statutes of Texas
in that the bus entered said street from
a private driveway and lot operated by the
Dallas Railway & Terminal Company and
failed to yield the right of way to the
vehicle driven by the appellee thereby com-
ing into collision with the appellee and
inflicting severe personal injuries.

Appellee alleged that appellants were guilty of negligence in that they failed to use that degree of care which an ordinarily prudent person would have or should have used in same or similar circumstances in the following respects:

First, in failure to keep a proper lookout.

Second, in backing said bus across the street in the middle of the block from a private driveway when such movement could not be made with safety.

Third, in backing said bus in excess of ten miles per hour which was a rate of speed that was excessive under the surrounding circumstances.

Fourth, in failing to yield the right of way.

Fifth, in failing to sound the horn.

Appellee then alleged that all of such acts and omissions taken separately or conjunctively were the direct and proximate cause of the injuries and damages sustained by the appellee.

The appellants answered pleading that any injuries as appellee may have sustained at the time and on the occasion in question proximately resulted from a failure on the part of the appellee to exercise that degree of care and caution that a person of ordinary prudence would have used under the same or similar circumstances in that there was nothing obstructing the view of the appellee as he came along the street; in that the bus was lighted up and for some reason unknown to the appellant the appellee was not keeping a proper lookout; in that appellee was driving too fast; in that appellee failed to make application of his brakes and ran into the bus; in that the manner of operation of the scooter the appellee was riding was not the careful conduct of a prudent person; and further alleged that if appellee was not negligent the accident was unavoidable. Appellants by their trial amendment pleaded: The appellee failed to exercise ordinary care for his own safety in the following ways and manner, to wit:

First, he failed to keep a proper lookout as he approached the place where the collision occurred.

Second, he failed to exercise ordinary care in not sooner making application of his brakes at the time and on the occasion in question.

Third, he drove the motor scooter at a greater rate of speed than that at which the same would have been driven by a person of ordinary care under the same or similar circumstances.

Fourth, he operated the motor scooter without lights at the time and on the occasion in question.

Fifth, he failed to yield the right of way to appellant, J. B. Landers, at the time and on the occasion in question.

Appellants alleged all of such acts and omissions separately and collectively constituted a failure to exercise ordinary care and were the proximate cause of the collision in question. In the alternative appellee pleaded that the collision was unavoidable.

The case was tried to a jury upon special issues. In reply to said special issues submitting appellee's theory the jury found as follows: That appellant, J. B. Landers, failed to keep a proper lookout for appellee, George E. Bosher, Sr.; that such failure was a proximate cause of the collision in question; that J. B. Landers failed to yield the right of way to George E. Bosher, Sr.; that such failure was negligence and that the same was a proximate cause of the collision in question.

In reply to said special issues submitting appellants' theory, the jury found as follows: That appellee, George E. Bosher, Sr., failed to keep a proper lookout as he approached the place where the collision occurred and that such failure was a proximate cause of the collision in question; that George E. Bosher, Sr., failed to exercise ordinary care in not sooner making application of his brakes at the time and on the occasion in question and that such failure was a proximate cause of the collision in question; that George E. Bosher,

Sr., failed to yield the right of way to J. B. Landers at the time and on the occasion in question and that such failure was negligence and a proximate cause of the collision in question. The jury found the collision was not the result of an unavoidable accident. The jury found the amount of appellee's damages to be $17,500.

There were other issues submitted to the jury and answered by them but the above answers of the jury control and determine the issues involved in this appeal. The appellants made their motion for judgment in accordance with the verdict of the jury. Appellee made his motion for judgment requesting the court to disregard the above outlined jury's findings of contributory negligence because such findings had no support in the evidence. In this connection appellee asserts there was no evidence to raise the issue that George E. Bosher, Sr., failed to keep a proper lookout and that such failure was a proximate cause of the collision in question, or that George E. Bosher, Sr., failed to exercise ordinary care in not sooner making application of his brakes at the time and on the occasion in question and that such failure was a proximate cause of the collision in question, or that George E. Bosher, Sr., failed to yield the right of way to J. B. Landers and that such failure was negligence and a proximate cause of the collision in question.

■ The law is well settled in this state on the proposition that if appellee, plaintiff in the trial court, was guilty of negligence and such negligence was the proximate cause of the collision in question he cannot recover. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334. But, the question to be determined here is whether there is sufficient evidence in the record to substantiate the jury findings of negligence on the part of appellee. It is the contention of appellee that there was no evidence, either direct or circumstantial, upon which any reasonable mind could infer any contributory negligence on the part of the appellee or a contributory negligent act which was a proximate cause of the collision in question. Appellee also contends, in the alternative, that if he be wrong in his contention that there was no evidence to support the findings of the jury that appellee was negligent and that such negligence was the proximate cause of his injury, that the evidence is insufficient to sustain the verdict of the jury on said issues.

■ No one can rightfully question the principle defined by the trial court in instructing the jury that they are the sole judges of the facts proven, of the creditability of the witnesses and the weight to be given their testimony. Numerous pictures were introduced in the trial of this case. The jury may consider these pictures and other testimony in the record and draw all reasonable conclusions therefrom. W. C. Whitten, a policeman, was the first witness, and he testified that he received the call about this collision at approximately 7:00 p. m. and arrived at the scene of the accident within two or three minutes after getting the call. All of the testimony places the time of the accident at approximately 7:00 p. m. Mr. Whitten arrived at the scene at 7:02 p. m. When he arrived at the scene most of appellee's body was under the bus at the rear of the left front wheel with his head sticking out from under the bus. The rear of the left front wheel was next to appellee's body so that it was holding him. Mr. Whitten was asked to mark on appellee's Exhibit 6 about where the left front wheel was resting when he first arrived at the scene. This place marked by the witness shows the left front wheel was located out of the street and on the inside of the curb towards the parking lot. All of the testimony places the rear of the bus on the parking lot. Mr. Palmer stated he saw the accident and saw the scooter going over and he would say it went over almost in the gutter. He further testified the appellee was lying on the incline as you go up into the parking lot. There were lights on the bus at the time of the collision but none on the scooter. The point of the impact was about two feet away from the east curb or gutter. The bus in question was backing on the lot on the east side of

Peak Street and Peak Street extends north and south and appellee was going north. The bus in question is 34 feet and 7 inches in length and 9 feet, 2½ inches in height and weighed approximately 18,000 pounds. There were no obstructions between appellee and the bus as the bus was crossing the street and as appellee was approaching the bus. Appellee saw the bus when it backed out into the street. J. B. Landers looked both ways before backing the bus and he did not see any one approaching from either the north or the south. At the time of the collision the bus was going at an angle crossing the street and the first thing the driver of the bus knew about the scooter was when he heard the crash or noise when the motor scooter hit the bus and he stopped as soon as he could. Appellee testified he saw the bus was going across the street when the bus was in the center of the street and he was then about 15 feet away. He further testified that at a speed of about 15 miles per hour he could stop the scooter in about 10 feet. He turned the scooter in a northeasterly direction which would be towards the bus. Appellee testified as he saw a glimpse of the back wheel of the bus pass (and he had stated the bus was backing at an angle and all the testimony shows the bus was backing across the street in a southeasterly direction) that something hit the back end of the scooter and flopped the scooter over. There is no showing as to what could have struck the scooter on the back end at that particular time.

We have detailed some of the pertinent testimony in the cause and the rule is recognized that under the issue here we must consider only the testimony favorable to the jury verdict. We are of the opinion that, viewing all of the testimony and physical facts as shown, that the evidence is sufficient to support the findings of the jury.

The record discloses that appellee was going north on Peak Street knowing that an 18,000 pound bus, 34 feet long and 9 feet high, was backing across the street and with nothing to obstruct his view ap-

pellee did not stop. Appellee testified that something hit the back end of his scooter and flopped it over. We are of the opinion that the jury could have reasonably concluded that it was impossible for the bus going at an angle in a southeasterly direction to have struck the rear of appellee's motor scooter.

We are of the opinion that there was sufficient evidence to justify the findings of the jury in answers to special issues Nos. 15, 16, 17, 18, 23, 24, and 25.

In the case of Goree v. Hansen, Tex.Civ. App., 214 S.W.2d 824, 825, it is stated:

"In the absence of a conclusion of an appellate court that the jury finding is so overwhelmingly contrary to a preponderance of the evidence as to be clearly wrong and the probative evidence adduced is conflicting, it is the accepted rule that when a jury decides upon one theory of the conflict, all the testimony will be construed in the light most favorable to the verdict, and if there is competent testimony of probative value found the appellate court may not set the verdict aside and substitute its own finding for that of the jury. Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290; Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9, writ refused; Associates Inv. Co. v. Thomas, Tex.Civ.App., 210 S.W.2d 413; Muran v. Muran, Tex.Civ.App., 210 S.W.2d 617; Texas Bus Lines v. Whatley [Tex.Civ.App.], 210 S.W.2d 626, writ refused NRE."

See also the case of Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W. 2d 224, 226, by the Supreme Court, where it is stated:

"It is settled as the law of this State that the defendant in a negligence action, who pleads contributory negligence on the part of the plaintiff as a defense, must assume the burden of proving it. 30 Tex.Jur. p. 810. It follows that a jury issue was presented in this case, unless it can be said that the evidence contained in this rec-

ord conclusively shows that Le Master was guilty of contributory negligence. Of course, if a jury issue was presented, the jury's finding should have been given effect. Under the plain provisions of Article 2211, supra, a jury's verdict cannot be ignored, unless it can be said that it is without support in the evidence, or is contrary to the conclusive evidence."

We are of the opinion, upon the record in this case, that the trial judge erred in not rendering judgment that George E. Bosher, Sr., take nothing of Dallas Railway & Terminal Company and J. B. Landers. Accordingly the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing.

Reversed and rendered.